PIERCE, Chief Judge.
Appellant Joe Pedrero appeals to this Court from a judgment of guilt entered against him by the Polk County Criminal Court of Record consequent upon an adverse jury verdict finding him guilty of robbery and possession of narcotics.
Only one point is relied upon here for a reversal, viz: that the trial Court was in error in “failing to grant appellant a mental examination to determine his competency”.
At the time of his arraignment counsel for Pedrero moved for “a mental examination by a competent psychiatrist and/or psychologist”, alleging in support thereof that he was a drug addict, that he was insane on October 12, 1971 at the time the offenses were committed, that he was also presently insane on November 30, 1971 at the time of trial, and that he had spent a year during 1967 and 1968 in a mental institution “in Chattahoochee” after being “declared incompetent with regard to a robbery charge by the Federal Judge of the Fifth Circuit Court of Appeals in New Orleans”.
The motion for incompetency hearing was denied by the Court without testimony. Such ruling is made the sole basis for Ped-rero’s contention for reversal here.
Disposition of the instant appeal is ruled by CrPR 3.210(a), 33 F.S.A., and as said rule has been construed by the Supreme *738 Court in Fowler v. State, Fla.1971, 255 So.2d 513.
CrPR 3.210(a) provides inter alia that— “Rule 3.210 Insanity
(a) At Time of Trial. If before or during trial the court, of its own motion, or upon motion of counsel for the defendant, has reasonable ground to believe that the defendant is insane, the court shall immediately fix a time for a hearing to determine the defendant’s mental condition. The court may appoint not exceeding three disinterested qualified experts to examine the defendant and to testify at the hearing as to his mental condition. Other evidence regarding the defendant’s mental condition may be introduced at the hearing by either party.”
Sub-section (a) aforesaid applies to alleged insanity at the time of trial. Subsections (b) and (c) provide for procedure when an issue is raised as to the defendant’s insanity at the time the alleged offense was committed. Detailed procedure is set forth in said Rule 3.210 when such defense is raised either at the time of trial or the time of the offense. It is not necessary here to go into details of such procedure prescribed because none of it was followed by the trial Judge. The motion for competency hearing, which ipso facto called into play Rule 3.210, was just summarily denied and trial on the merits proceeded.
The Supreme Court of Florida in Fowler v. State, supra, had a somewhat analogous situation before it. Fowler was a capital case and his trial counsel, before the trial actually began, raised the question of Fowler’s sanity and the Court appointed two recognized experts in the field of psychiatry, Drs. Spoto and Frierson, “to examine defendant with a view to rendering opinions both as to defendant’s sanity at the time the offense was committed, and as to his competency to stand trial.”
These doctors submitted formal written reports to the effect that Fowler “was a dangerous paranoid schizophrenic, that he probably did not know right from wrong at the time he committed the offense, and that he was not competent to stand trial.” The State thereupon had a third doctor, one O’Brien, appointed to further examine Fowler. Dr. O’Brien then examined Fowler twice, “both times rendering the opinion that although defendant was a dangerous paranoid schizophrenic, he was nevertheless competent to stand trial”. The Court thereupon “entered an order in the presence of counsel for both sides finding defendant competent to stand trial. No formal hearing prior to entry of such order is disclosed by the record.”
The Supreme Court thereupon concluded that such ruling was not, in and of itself, an abuse of discretion but then observed—
“However, we must inquire whether the failure of the trial judge to hold a plenary hearing on the question of competency prior to ruling on the issue was an abuse of discretion sufficient to infect the whole of the pre-trial proceedings with regard to competency. In the circumstances, we think it was.”
The Supreme Court thereupon quoted inter alia from CrPR 3.210(a) aforesaid, after which it was held that—
“where * * * there are reasonable grounds to believe defendant insane, and defense counsel requests a hearing, it is error not to provide such a hearing.
However, our finding in this regard does not require vacation of the judgment and sentence entered against defendant at this time. Knight v. State, 164 So.2d 229 (Fla.App.3rd, 1964); United States v. Walker, 301 F.2d 211 (6 Cir. 1962). Instead, the cause is temporarily remanded to the Circuit Court of Pinellas County with directions that the claim of insanity at the time of trial be determined in a full hearing as required *739 by CrPR 1.210(a). If upon such hearing the trial Court determines that the defendant was sane at the time of trial, the Court is ordered to forthwith transmit the entire record of the case, including a transcript of the sanity hearing, and a copy of the trial judge’s order finding defendant sane, back to this Court.
i{C ifc % ‡ ‡ %
If, however, the trial Court shall determine the defendant was insane at the time of trial but is now sane, the Court is directed to vacate the adjudication of guilt and sentence, to give the defendant an opportunity to replead, and to set a new trial date; or if the holding of the trial Court shall be that the defendant was insane at the time of trial and is now or remains insane, the Court is directed to vacate the adjudication of guilt and sentence and commit the defendant to the proper institution. In either event, the trial Court is further directed to transmit the record on appeal back to this Court.”
We adopt here the procedure set forth by the Supreme Court in Fowler. Therefore we herewith remand the instant case back to the Criminal Court of Record for Polk County with the same directions as contained in Fowler.
So ordered.
HOBSON and MANN, JJ., concur.