SUPPLEMENTAL OPINION
PIERCE, Judge (Ret.).
In this case, on May 26, 1972, 262 So.2d 737, we entered order remanding the cause back to the Polk County Criminal Court of Record as the trial Court, with directions to that Court to determine in a full hearing, as required by CrPR 1.210(a), F.S.A., whether Pedrero, as defendant therein, was or was not sane at the time of his trial, and to thereafter transmit the entire record of this case, including a transcript of the sanity hearing and a copy of the trial Judge’s order respecting Pedrero’s said sanity at the time of the trial, back to this Court for further proceedings herein.
Thereafter the trial Court did assume temporary jurisdiction of the cause and did faithfully carry out the directions of this Court with respect to conducting such sanity hearing, and has forthwith transmitted back to this Court the entire record in this cause, including the transcript of said sanity hearing and a copy of the trial Judge’s order pursuant thereto.
The trial Judge has found and adjudged that appellant Pedrero, at the time of the trial of this cause and on November 30, 1971, was competent to stand trial upon the criminal charges upon which he was previously tried. This Court has carefully examined and considered the evidence adduced before the trial Judge at said sanity *202 hearing and finds that such evidence was amply sufficient to sustain the findings and adjudication of the trial Court with respect to Pedrero’s sanity at the time of his said trial.
This now brings up the question of the competency or otherwise of Pedrero at the time the alleged offense was committed. This not only entails the fact of competency itself but also the legal standing of Ped-rero to raise the issue of his alleged insanity after the trial has been had and judgment and sentence entered against him.
CrPR 3.210(b), (c) provides for detailed procedure in order to make such defense available to a defendant. It provides generally for advance notice to be given by a defendant that such defense is proposed to be relied upon, either at the time of arraignment or prior thereto. Defendant is required to file within a specified time a statement of particulars showing the nature of insanity intended to be relied upon, and the names and addresses of his supporting witnesses. Pursuant to such statement of particulars the Court may have the defendant examined in the presence of adverse counsel by one or more disinterested qualified experts appointed by the Court, together with certain other detailed requirements unnecessary here to be elaborated upon.
Failure to comply with the notice and proceedings aforesaid would seem to effectually preclude the defense from being interposed at the time of trial. It is true that the rule does provide that the trial Court may in its discretion permit evidence of insanity to be given at the trial, only however upon good cause shown for failure to comply with the foregoing requirements. But the trial Court has never invoked such discretion.
The record here shows that the only time Pedrero’s prior insanity was broached to the Court was “immediately before trial on November 30, 1971, in the Conference Room” before the trial Judge. The local Public Defender, previously appointed by the Court, was representing Pedrero and at such time entered plea of not guilty to all three counts of the information and requested a jury trial. He also at such time stated he “would like a mental examination by a competent psychiatrist and/or psychologist” on behalf of Pedrero, stating that he was a drug addict and was insane at the time of the offense and at the instant time of trial. Pedrero’s counsel was then asked by the Court: “Do you have any testimony you want to offer in support of your motion insofar as incompetency?”, to which counsel replied:
“No, sir; I have no testimony, no.”
This was the extent of any activity by or on behalf of Pedrero at the trial level on the question of his competency at the time the charged offense was allegedly committed.
There was no attempt whatever to comply with the detailed procedures set forth in CrPR 3.210 aforesaid so as to provide a necessary predicate for introduction of such testimony of insanity at the trial. The record does show that, at the conclusion of all the testimony on behalf of the State, the trial Judge inquired of defense counsel whether it was intended to put on any testimony on behalf of Pedrero and he answered in the negative. The case was then submitted to the jury upon the testimony adduced on behalf of the State, argument of counsel, and the charge of the Court, resulting in the verdict of guilty on the two counts then remaining.
In the light of the foregoing, the alleged incompetency of Pedrero at the time the offense was allegedly committed was not an allowable issue of fact to be raised at the trial.
No other grounds were relied upon in this Court filed on behalf of appellant, and therefore the judgment appealed from is accordingly—
Affirmed.
MANN, C. J., and HOBSON, J., concur.