289 So.2d 418 (1974)
Homer Wayne MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 73-416, 73-417.
District Court of Appeal of Florida, Second District.
February 6, 1974.
James A. Gardner, Public Defender, Sarasota, and Mary Jo M. Gallay, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant, Homer Wayne Mitchell, was charged in two separate informations with assault with intent to murder. The offenses involved different victims and allegedly occurred on the same night. In due course the cases were scheduled for trial. Approximately three days prior to the date *419 case number 73-417 was to be tried, counsel for appellant filed motions for continuance and for sanity inquisition. The trial court, after proper hearing, denied the appellant's motions. Subsequently, at a second hearing on the same motions, the trial court granted the motion for continuance and again denied appellant's motion for sanity inquisition.
Appellant was tried by jury and found guilty as charged. He was sentenced to a term of 15 years in the state prison.
Appellant contends that the trial court erred in denying his motion for a sanity inquisition. The grounds in support of the motion were (1) that the appellant was unable to recall anything about the incidents under which he was charged, and so could not assist counsel in his defense, (2) that counsel had recently been advised by appellant that he had previously received treatment in a mental institution, and (3) that they had recently discovered that appellant had been indicted for first-degree murder in Texas.
At the hearing on the motion, the appellant's counsel informed the judge that the appellant couldn't give any information whatsoever concerning the events with which the appellant had been charged. Counsel further stated that appellant was "... a little bit spacey, very nervous and up tight... ." In denying the motion the trial judge stated:
... I would have to have indication, substantially a strong probability that he was either not able to go to trial, or that he was unable to distinguish between right and wrong on the date of the offense. .. .
If sufficient evidence is produced to indicate reasonable grounds for the belief of existence of incapacity to assist in the preparation of a defense, the court's failure to make such inquiry is a deprival of the accused's constitutional right to a fair trial. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).
In Pedrero v. State, Fla.App.2nd, 1972, 262 So.2d 737, it was held to be error, under the circumstances presented, to deny a mental examination to determine competency to stand trial. The facts in the cited case are very similar to the facts in the case at bar. The allegations therein were that the accused had been committed to a mental institution in the past, that he was a drug addict, and that he was insane at the time of the offense and the time of trial. The allegations in Pedrero, supra, were held to state "reasonable grounds" for belief of insanity as required by CrPR 3.210(a), 33 F.S.A.
Accordingly, we follow the procedure set forth in Pedrero in which this court adopted the method outlined by the Supreme Court of Florida in Fowler v. State, Fla. 1971, 255 So.2d 513. Therefore, we remand this case to the trial court with the same instructions contained in Pedrero, i.e., to conduct a full hearing as required by CrPR 3.210(a) to determine the appellant's claim of insanity at the time of trial.
HOBSON, Acting C.J., and McNULTY, J., concur.