Johnny Lee CRONNON,
Petitioner-Appellant,

v.

STATE OF ALABAMA,
Respondent-Appellee.

No. 76–2161.

United States Court of Appeals,
Fifth Circuit.

Aug. 12, 1977.

Myron K. Allenstein, Gadsden, Ala. (Court-appointed), for petitioner-appellant.

William J. Baxley, Atty. Gen., David W. Clark, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before GOLDBERG and HILL, Circuit Judges, and KERR *, District Judge.

GOLDBERG, Circuit Judge:

Johnny Lee Cronnon seeks habeas corpus relief from his Alabama conviction of first-degree murder. At trial Cronnon denied that he committed the gruesome murder of the fifteen-year-old victim. A jury found him guilty, and he drew a sentence of life imprisonment.

In this habeas corpus action Cronnon raises seven claims: (1) the improper use of eyewitness testimony derived from a suggestive pretrial photographic identification procedure, see *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); cf. *Manson v. Brathwaite,* —— U.S. ——, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), (2) the withholding of exculpatory evidence, see *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), (3) the absence of any evidence of guilt, thus violating the due process clause, (4) the introduction of inflammatory pictures not relevant to any contested issue, (5) improper prosecutorial argument, including asking what kind of "fiendish ghoul" could have committed such a crime, waving the gruesome pictures before the jury, and referring to the "stark terror on the little girl's face" and the assailant's desire to hear the "squish of her blood," (6) the failure of the Alabama appellate court's opinion to address all the issues raised on direct appeal, and (7) the admission of the testimony of a witness who, in violation of the court's sequestration order, had heard other witnesses testify.

The district court considered on the merits only the third claim, the absence of

---

* Senior District Judge of the District of Wyoming, sitting by designation.

evidence. The court rejected that claim, finding constitutionally sufficient evidence of guilt. We have carefully reviewed the record and uphold the district court's resolution of this issue.

 The district court refused to adjudicate the other six claims, finding that Cronnon had failed to exhaust state remedies.[1] That view was apparently based on a reading of the Alabama Court of Criminal Appeals opinion, which dealt with sufficiency of the evidence. *See Cronnon v. State,* 56 Ala.App. 192, 320 So.2d 697 (1975). The record makes clear, however, that Cronnon had also raised all of his additional claims on that appeal. His original brief raised all the claims except the sixth, the failure of the Alabama Court of Criminal Appeals opinion to address all the issues. That claim, of course, could not have been raised in the original brief because the asserted error occurred later. Cronnon did, however, raise the issue in his petition for rehearing. Thus the record indicates that Cronnon asserted on direct appeal every claim that he raises in this habeas corpus action.[2] The well settled law of this circuit is that exhaustion on direct appeal is sufficient; a federal habeas petitioner need not also pursue state collateral remedies.[3] *See e. g., Bishop v. Wainwright,* 511 F.2d 664 (5th Cir. 1975); *Young v. Alabama,* 427 F.2d 177 (5th Cir. 1970).

We therefore reverse the district court's judgment and remand for consideration on the merits of Cronnon's remaining claims.

---

1. The court said the other claims either had not been exhausted or did not present federal questions. Some of the claims clearly present substantial federal questions. Others are less substantial, though whether a given practice is so unfair as to deny due process is always a question of federal constitutional law. At any rate, the key to the district court's decision was clearly its finding of failure to exhaust.

2. Cronnon unsuccessfully sought review by certiorari from the Alabama Supreme Court and from the United States Supreme Court. *See Cronnon v. State,* 294 Ala. 756, 320 So.2d 709 (1975), *cert. denied,* 423 U.S. 1077, 96 S.Ct. 864, 47 L.Ed.2d 88 (1976).

3. In affirming Cronnon's conviction, the Alabama Court of Criminal Appeals did not suggest that any of Cronnon's claims were improperly presented. The court affirmed his conviction without qualification.