Joe PEDRERO, Petitioner-Appellant,
v.
Louie L. WAINWRIGHT, Secretary, Dept.
of Offender Rehabilitation, State of
Florida, Respondent-Appellee.

No. 78–1696.

United States Court of Appeals,
Fifth Circuit.

March 12, 1979.

Rehearing Denied April 6, 1979.

Charles P. Schropp, Tampa, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Charles Corces, Jr., William I. Munsey, Jr., Asst. Attys. Gen., Tampa, Fla., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

WISDOM, Circuit Judge:

Joe Pedrero appeals the district court's denial of his habeas corpus petition. Convicted by a Florida court of robbery and possession of narcotics, Pedrero sought federal habeas relief on the ground that the state violated his due process rights by failing to accord him an adequate hearing on his competency to stand trial and by denying his pretrial request for a psychiatric examination to aid him in establishing his defense of insanity at the time of the offense. His petition, and this appeal, present basically two questions. First, was the state trial court, on the basis of what it knew or should have known, under a federal constitutional duty to grant Pedrero's request for a psychiatric examination? Second, in the circumstances of this case, once a state appeals court determined that Pedrero was entitled to. a postconviction hearing into his competency to stand trial, did the state have a duty, *as a matter of federal constitutional law*, to accord Pedrero a "meaningful" hearing? We answer both questions in the negative and accordingly affirm the district court.

I

Pedrero was arrested in October 1971 and charged with robbery, possession of narcotics, and possession of a firearm by a convicted felon. He was arraigned, tried, convicted, and sentenced on a single day, November 30, 1971. The firearms count was dismissed by the trial court at the arraignment. Pedrero was sentenced to life im-

prisonment on the robbery charge, and received a concurrent sentence of five years' imprisonment on the narcotics charge.

At the arraignment, Mr. Kaylor, the public defender appointed to represent Pedrero, orally moved the court that Pedrero be given a psychiatric examination at state expense. The colloquy went as follows:

> *MR. KAYLOR:* Your Honor, for the record, this is John Kaylor speaking, a representative of the Public Defender's office, representing Mr. Joe Pedrero.
>
> At this time, we would like to enter a plea of not guilty to all counts in the information and request a jury trial. And, at this time, I would like to on behalf of Mr. Pedrero, request that he be granted, at State expense, a mental examination by a competent psychiatrist and/or psychologist. In support of such motion, I would allege to the Court that in 1967 to 1968, one year period, he was declared incompetent with regard to a robbery charge by the Federal Judge of the Fifth Circuit Court of Appeals in New Orleans and spent that year in Chattahoochee.
>
> I would also allege that he is a drug addict, and he was insane at the time of the offense, alleged in information, to-wit: robbery, possession of narcotics, possession of firearm by a convicted felon on October 12, 1971, was committed; also alleges to the insanity at the time of this trial, to-wit: November 30, 1971.
>
> \* \* \* \* \* \*
>
> *THE COURT:* \* \* \*
>
> Do you have any testimony you want to offer in support of your motion insofar as incompetency?
>
> *MR. KAYLOR:* No, sir; I have no testimony, no.
>
> *THE COURT:* The Court will deny the motion, then.
>
> *MR. KAYLOR:* No, sir. I was going to proffer to the Court if the defendant could testify in support of the motion

without waiving his rights of self incrimination, I would proffer his testimony; other than that, I would not proffer the testimony.

> *THE COURT:* The motion will be denied insofar as these are concerned.

The issues of trial competency and insanity at the time of the offense were never raised again. The public defender did not reiterate his request for a psychiatric examination; and he made no request for a continuance. At trial the defense offered no evidence that Pedrero was insane at the time of the offense.

Pedrero appealed his conviction. The Florida district court of appeals agreed with Pedrero's contention that he was entitled to a competency hearing as a matter of state law. The court ruled that under Florida Rule of Criminal Procedure 3.210(a)[1] Pedrero's motion for a competency examination should have been granted and remanded the case to the trial court for a *nunc pro tunc* hearing on the issue of competency to stand trial. *Pedrero v. State,* 1972, Fla.Dist.Ct.App., 262 So.2d 737.

The trial court ordered Pedrero examined by two panels of psychiatrists. One member of each panel testified at the competency hearing, which was held in September of 1972. Both testified that Pedrero was competent when the panels examined him, but could not state unequivocally whether Pedrero had been competent at the time of his November 1971 trial. One expert stated that Pedrero was "probably" competent at the trial. The other would not "make a statement one way or the other" but did state that based on his observations of Pedrero, his conversations with Pedrero's trial counsel, and what he heard during the hearing itself, he leaned towards the conclusion that Pedrero was competent at the time of the trial. From the testimony of the psychiatrists and his own observations of Pedrero's demeanor and behavior at the trial,

---

1. Rule 3.210(a) states in relevant part:

 (a) At Time of Trial. If before or during the trial the court, of its own motion, or upon motion of counsel for the defendant, has rea-

sonable ground to believe that the defendant is insane, the court shall immediately fix a time for a hearing to determine the defendant's mental condition.

the trial court concluded that Pedrero had been competent to stand trial and entered its order to that effect.

The record of the case was retransferred to the district court of appeals, which affirmed the trial court's competency finding. The appeals court also rejected Pedrero's argument that he was insane at the time of the offense. The court ruled that Pedrero's failure to follow the procedures outlined in Florida Rule of Criminal Procedure 3.210(b), (c) for raising the insanity defense barred him from raising the issue either at or after the trial. The conviction was affirmed. *Pedrero v. State*, 1973, Fla.Dist.Ct. App., 271 So.2d 201.

 Pedrero then brought his case to the federal courts.[2] In 1975 he filed a habeas corpus petition in the United States District Court for the Middle District of Florida. In that petition he contended that he was denied his due process rights in that the trial court failed to determine whether the *nunc pro tunc* competency hearing was meaningful or adequate and that the hearing was not in fact meaningful. In addition, Pedrero again urged that the trial court had unconstitutionally burdened his right to present the insanity defense by denying his request for a psychiatric examination by court-appointed experts. The magistrate who reviewed Pedrero's petition found merit in both contentions and recommended that the writ be issued. The district court disagreed with the magistrate and denied the petition. The district court held that Pedrero had not been constitutionally entitled to a competency hearing in the trial court because he had not raised a bona fide doubt as to his competency and thus had failed to meet the standard of *Pate v. Robinson*, 1966, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, and its progeny.

Because Pedrero was not entitled as a matter of federal constitutional law to a competency hearing in the first place, the court concluded, the alleged inadequacy of the *nunc pro tunc* hearing granted Pedrero did not violate Pedrero's constitutional rights. As to the insanity defense issue, the district court agreed with the Florida appeals court that Pedrero had "waived his right to rely upon the insanity defense" by failing to notify the trial court, in accordance with rule 3.210, of his intent to raise the insanity defense and by failing to present any evidence on the issue at trial.

## II

Pedrero urges that the district court erred in holding that he was not entitled to a *nunc pro tunc* competency hearing.

 He argues, first, that at the time of his trial there were sufficient indicia of incompetency to put the trial court under a duty to order a competency hearing. It is a denial of due process to try a criminal defendant who is incompetent to stand trial. *Pate v. Robinson*, 1966, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. That due process right is implemented by the further due process right, announced in *Pate v. Robinson*, to a hearing on the competency issue when facts or events at trial raise a bona fide doubt as to the defendant's competency. *See Chenault v. Stynchcombe*, 5 Cir. 1977, 546 F.2d 1191, *cert. denied*, 434 U.S. 878, 98 S.Ct. 231, 54 L.Ed.2d 158; *Davis v. Alabama*, 5 Cir. 1977, 545 F.2d 460, *cert. denied*, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275; *Nathaniel v. Estelle*, 5 Cir. 1974, 493 F.2d 794; *Tyler v. Beto*, 5 Cir. 1968, 391 F.2d 993. A habeas petitioner who contends that he was entitled to a competency hearing must show that there were matters known to the trial court that

---

2. Pedrero had adequately exhausted his state remedies before filing for federal habeas relief, even though he did not avail himself of state collateral remedies and did not file for certiorari in the Florida Supreme Court. It is settled that a habeas petitioner need not have sought state habeas relief so long as he has exhausted his direct appeal remedies. *Cronnon v. Alabama*, 5 Cir. 1977, 557 F.2d 472, 473. Because the writ of certiorari to the Florida Supreme Court lies only when the case appealed conflicts with a decision of the Supreme Court or of a district court of appeals, we have held that a Florida prisoner need not apply to the Florida Supreme Court to have exhausted his state remedies. *Lee v. Wainwright*, 5 Cir. 1972, 468 F.2d 809.

raised at that time a "real, substantial, and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel". *Bruce v. Estelle*, 5 Cir. 1973, 483 F.2d 1031, 1043. The test is an objective one. The duty to hold a competency hearing turns not on what the trial judge in fact had in mind, but whether the facts before him were such as to create a reasonable doubt as to the defendant's competency. *Grissom v. Wainwright*, 5 Cir. 1974, 494 F.2d 30.

The evidence before the habeas court concerning the facts known to the trial judge consisted of the trial record and the transcript of the *nunc pro tunc* competency hearing. The only indicia of Pedrero's incompetency that appeared to the trial court, so far as the record shows, were the statements of Pedrero's counsel that Pedrero was a drug addict and that Pedrero had been committed in 1967 to a state mental institution at Chattahoochee. The standard for determining competency to stand trial is "'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him'". *Dusky v. United States*, 1960, 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824. At no time, so far as the trial record shows, did Pedrero's trial counsel, Kaylor, suggest that Pedrero had difficulty understanding the proceedings against him or that Pedrero lacked the ability to cooperate or consult with him rationally. His attorney brought before the habeas court no evidence that Kaylor ever suggested to the trial court that Pedrero was unable to assist in his own defense. As we

stated in *Jordan v. Wainwright*, 5 Cir. 1972, 457 F.2d 338, 339, "no sanity hearing is mandated by *Pate v. Robinson* by a naked suggestion that the defendant may be incompetent". In *Chenault v. Stynchcombe,· supra*, this Court said that in determining whether to hold a competency hearing the trial court should consider (1) whether the defendant has a history of irrational behavior; (2) the defendant's demeanor and bearing at trial; and (3) prior medical opinion. Pedrero's counsel offered no prior medical opinion. At the conclusion of the *nunc pro tunc* hearing the trial judge determined, partly on the basis of his observation of Pedrero's trial behavior, that Pedrero had been competent to stand trial. The only evidence of a history of irrational behavior was counsel's statement that Pedrero spent a year in a mental institution. In *Grissom v. Wainwright, supra*, we said that the bare fact of the defendant's prior commitment to a state institution was insufficient evidence to create a bona fide doubt about his competency to stand trial. 494 F.2d at 32. We agree with the district court that the facts known to the trial court were insufficient to trigger his constitutional duty to conduct a competency examination.[3] .

We do not agree with the appellant's argument that it would be anomalous to hold that he is not constitutionally entitled to a competency hearing when a Florida appellate court has held that he was entitled to a hearing as a matter of state law. True, the state law standard for entitlement to a competency hearing appears to be identical with the federal constitutional standard. Under Florida law a competency hearing must be granted if the trial court "has reasonable ground to believe"

---

**3.** Pedrero argues that the trial court erred in denying his request that he be permitted to testify at the arraignment without waiving his right against self-incrimination. That Pedrero did not testify at the arraignment, however, is as much the fault of his trial attorney as it is that of the trial judge. Had Pedrero testified at the arraignment in support of his insanity defense or his incompetency claim, that testimony could not have been admitted at trial over his objection. *Simmons v. United States*, 1968, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

Notwithstanding that right, Pedrero's counsel did not press the point and did not attempt to put in his client's testimony. The error, whether attributable to the trial judge or to Pedrero's attorney, does not warrant reversal, however. Pedrero's testimony would have been self-serving and would not, by itself have raised a bona fide doubt as to his competence to stand trial. His attorney, we repeat, never suggested to the court that he was having difficulty working with Pedrero.

that the defendant is incompetent to stand trial. Fla.Rule Crim.Pro. 3.210(a). On a facial level this standard is indistinguishable from the federal standard of "bona fide doubt" as to the defendant's competence. But the Florida appellate court's action on Pedrero's incompetency claim does not necessarily imply that the evidence gave rise to a "reasonable" or "bona fide" doubt of Pedrero's competency to stand trial. It appears that the state appeals court believed that Pedrero's motion for a psychiatric examination ipso facto triggered the trial court's state law duty to conduct a competency hearing. The court stated: "Detailed procedure is set forth in said Rule 3.210 *when such defense is raised . . . .*" 262 So.2d at 738 (emphasis added). It added: "The motion for competency hearing, *which ipso facto called into play Rule 3.210,* was just summarily denied and trial on the merits proceeded". *Id.* (emphasis added). Such is not the federal rule. *See Jordan v. Wainwright, supra,* 457 F.2d at 339. We do not mean to imply that the state appeals court misapplied state law; we say nothing with regard to Pedrero's state law rights. The question is whether there was a bona fide doubt of Pedrero's competency entitling him to a competency hearing as a matter of federal constitutional law. The district court correctly answered that question adversely to Pedrero.

Pedrero's second argument is that, even assuming he was not entitled to a competency hearing in the first place, once the state accorded him a competency hearing it was under a constitutional duty to give him a meaningful hearing. He relies on *Lee v. Alabama,* 5 Cir. 1967, 386 F.2d 97, and its progeny, which hold that the due process right to a competency hearing entails the right to an adequate or "meaningful" hearing. In cases where this Court has determined that a person was erroneously denied a competency hearing, we have remanded to the federal habeas court for a *nunc pro tunc* hearing with orders that the

court make an independent threshold determination whether a meaningful determination of competency at the time of trial can be made *nunc pro tunc. E. g., Martin v. Estelle,* 5 Cir. 1977, 546 F.2d 177, *cert. denied,* 431 U.S. 971, 97 S.Ct. 2935, 53 L.Ed.2d 1069 (*Martin II*); *Bruce v. Estelle,* 5 Cir. 1976, 536 F.2d 1051, *cert. denied,* 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (*Bruce III*); *Lee v. Alabama, supra.* The requirement that a constitutionally demanded *nunc pro tunc* hearing be "meaningful" or "adequate" is a direct consequence of the *Pate* right to a competency hearing. If the facts do not create a bona fide doubt as to the defendant's competency, the state is under no federal constitutional duty to provide a competency hearing, and a federal court need not inquire into how the state conducts the hearing that it chooses to accord the defendant.[4] We agree with the district court, therefore, that Pedrero was not entitled to a competency hearing that would be "meaningful" in the federal sense of the term.

### III

Pedrero contends that the trial court's denial of his request for a psychiatric examination unconstitutionally deprived him of the means to present his defense of insanity at the time of the offense. Both the Florida court of appeals and the federal district court held that Pedrero waived his right to present his insanity defense by his failure to follow state procedures for raising the insanity defense at trial. We agree that no constitutional deprivation occurred, but for reasons different from those stated by the district court.

The district court relied on *Wainwright v. Sykes,* 1977, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594. In *Sykes,* the Supreme Court held that a criminal defendant's procedural default in state court bars federal habeas corpus examination of his constitutional claim. *See generally The Supreme Court, 1976 Term,* 91 Harv.L.Rev.

---

4. The appellant argues that his position is supported by *Griffin v. Illinois,* 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. *Griffin,* however, merely stands for the elementary proposition that once a state accords its citizens a right it must accord it to all without invidious discrimination or run afoul the equal protection clause. Pedrero has not raised any equal protection challenge to his treatment by the Florida courts.

214–221 (1977). The district court decided that Pedrero's claim that he was unconstitutionally denied the right to expert assistance on the insanity issue was barred by his failure at the state court level to file in accordance with Rule 3.210 of the Florida Rules of Criminal Procedure a statement of particulars setting forth the nature of the insanity alleged and the names and addresses of the witnesses by whom he expected to prove it.

We do not agree with the district court that Pedrero waived his claim. We find no *Wainwright v. Sykes* procedural default. Pedrero's attorney adequately informed the trial court of Pedrero's intent to rely on the insanity defense when, at the arraignment, he requested a psychiatric examination of his client and alleged that Pedrero "was insane at the time of the offense". Pedrero did all that he could to comply with Rule 3.210. As the Magistrate pointed out in his report to the district court, Rule 3.210 requires the defendant to file his statement of particulars "within such time as may be fixed by the Court." The trial court fixed no such time. And since the trial was held the same day as the arraignment, we fail to see how the filing of a statement of particulars was possible, much less how a state-

ment by Pedrero could have served the obvious purpose of the Rule 3.210 procedures—fair notice to the prosecution.[5] We must also reject the district court's view that Pedrero waived his rights by his failure to proffer lay testimony on the insanity issue. By that time, Pedrero had already lost his asserted right to expert assistance at state expense. One cannot waive a right that has already been lost. *Williams v. Alabama*, 5 Cir. 1965, 341 F.2d 777, 781. *See also Johnson v. Zerbst*, 1938, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461.

Pedrero therefore preserved for federal habeas examination the question whether his constitutional rights were violated when the trial court refused to order the psychiatric examination that he requested. In *Bush v. McCollum*, 5 Cir. 1965, 344 F.2d 672, we affirmed a decision holding that a state's action in adjudicating an indigent defendant guilty without honoring his request for the assistance of psychiatric experts "denied [him] both a fair trial and the effective assistance of counsel". *Id.* at 672.[6] Neither *Bush* nor any case in this or any other circuit establishes, however, that the mere request for the assistance of psychiatrists imposes a duty on the trial court to order a psychiatric examination or to

---

5. *See Rummel v. Estelle*, 5 Cir. 1978, 587 F.2d 651 (*en banc*). In *Rummel*, the court rejected the argument that a habeas petitioner's failure to comply with Texas's contemporaneous objection rule barred him, under *Sykes*, from raising a challenge to that state's habitual offender statute. Because the state courts had repeatedly rejected challenges to that statute, the court said, "we are at a loss to see how any state interest would be served by demanding that Rummel make a futile gesture at his trial." *Id.*, at 653. *Rummel* evidences this Court's intention to limit *Sykes*'s forfeiture rule to its purposes. The *Sykes* Court gave preclusive effect to Florida's contemporaneous objection rule because that rule serves the salutary purposes of enabling "the record to be made with respect to the constitutional claim when the recollections of witnesses are freshest", *Wainwright v. Sykes, supra*, 433 U.S. at 88, 97 S.Ct. at 2507, and of contributing to finality in criminal litigation. Because Rummel's constitutional claim would have been adversely decided in the state courts anyway, the *Rummel* court saw no purpose in demanding that the claim first have been raised at the state court trial. Likewise, in the instant case the purposes of

the state procedural rule would not have been served by the defendant's compliance.

In addition, we note that it is unlikely that Pedrero's constitutional claim would have been barred even had his failure to comply with Rule 3.210 prejudiced the prosecution. Pedrero did not contend in his habeas petition that he was insane at the time of the offense, but that he was deprived of his right to expert psychiatric assistance with which to prove the insanity defense at trial. His attorney expressly requested such assistance, and Pedrero appealed in the state courts the trial court's denial of that request. The state courts were afforded every opportunity to pass upon the question before Pedrero brought his case to federal court.

6. In *United States ex rel. Smith v. Baldi*, 1953, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549, the Supreme Court held that due process does not require that the state appoint a psychiatrist to examine a defendant who raises the insanity defense. The *Baldi* decision, however, was severely undercut by the Court's decision in *Griffin v. Illinois*, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, which held that the equal protec-

appoint psychiatric witnesses.[7] Under federal procedures for obtaining the assistance of experts, which presumably accord indigent defendants their full constitutional rights, the defendant must show that the assistance of experts is necessary and that he in fact is unable to hire experts. 18 U.S.C. § 3006A(e). Cases in this circuit concerning a state court's denial of an indigent's request for psychiatric assistance strongly indicate that the defendant's sanity at the time of the offense must be "seriously in issue", *Bush v. McCollum*, 1964, N.D.Tex., 231 F.Supp. 560, 565, *aff'd*, 5 Cir. 1965, 344 F.2d 672,[8] or that there must be a "reasonable ground to doubt" the defendant's sanity at the time of the offense, *Brinks v. Alabama*, 5 Cir. 1972, 465 F.2d 446, 449, before the trial court has a constitutional duty to inquire further. In an analogous case concerning a trial court's refusal to grant defense counsel a continuance for the purpose of preparing an insanity defense, we said that the right to effective assistance of counsel includes the right to reasonable time for trial preparation

when there is a "fair factual basis" for the question as to the defendant's sanity at the time of the offense. *Hintz v. Beto*, 5 Cir. 1967, 379 F.2d 937, 941.[9]

▮ The district court ruled that Pedrero's claim was barred by the *Sykes* doctrine, and it therefore did not reach the merits of the claim. Because no disputed issues of fact underlie the question whether there was a "fair factual basis" demanding further inquiry by the trial court, we reach that question and conclude that the district court did not err in denying Pedrero's petition. It does not appear from the record that the trial court had a reasonable ground to doubt Pedrero's sanity at the time of the offense. The issue of his sanity was raised but once—at the arraignment—and was thereupon dropped. The only evidence before the trial court was defense counsel's allegation that Pedrero was a drug addict who had once been confined to a state mental institution. No medical opinions or records were offered. No testimony was offered at the arraignment or the trial to suggest that Pedrero behaved in a strange

---

tion clause entitles an indigent appellant-defendant to have a transcript of his trial provided free of charge. *See* Goldstein & Fine, *The Indigent Accused, the Psychiatrist, and the Insanity Defense*, 110 U.Pa.L.Rev. 1061, 1086–89 (1962).

7. Had Pedrero been tried in a federal court, the trial court's duty would have been clear. Under 18 U.S.C. § 3006A(e) an indigent defendant may make an *ex parte* request for the assistance of psychiatric experts at government expense. Such a request does not of itself establish a duty on the part of the trial court to appoint experts or order a psychiatric examination. Once a § 3006A(e) request is made, however, the court must make "appropriate inquiry" to determine whether the defendant needs such assistance and whether he is financially unable to obtain it. *United States v. Hamlet*, 5 Cir. 1972, 456 F.2d 1284.

8. The "seriously in issue" standard was implicit in our decision in *Bradford v. United States*, 5 Cir. 1969, 413 F.2d 467. In *Bradford* we reversed a conviction because the trial court had refused to appoint fingerprint and handwriting experts on behalf of the defendant. We pointed out that the Government's case against the defendant rested almost entirely upon the testimony of fingerprint and handwriting experts and that the trial court, in denying the defendant's request, failed to make the requisite de-

termination under Rule 28 of the Federal Rules of Criminal Procedure that the defendant would not be prejudiced by the refusal to appoint experts.

9. In reviewing federal court rulings under 18 U.S.C. § 3006A(e), the statute governing requests for state-provided expert assistance, the courts of appeals will reverse only if the defendant-appellant shows that he was prejudiced by the trial court's actions. *E. g., United States v. Sanders*, 9 Cir. 1972, 459 F.2d 1001. In *Mason v. Arizona*, 9 Cir. 1974, 504 F.2d 1345, the court held that the standard of review for appeals involving questions under § 3006A(e) should govern review of a state court's denial of a defendant's request for expert assistance at state expense. Under *Mason*, a state prisoner seeking federal habeas relief on the ground that he was denied the expert assistance to which he was entitled must show that he "made as complete a showing of necessity as could then be reasonably expected of him." *id.* at 1352, and must show that the denial was prejudicial. We need not in this case decide whether to follow *Mason*. The decisions in this circuit, however, strongly suggest that prejudice will be presumed if the petitioner shows that the matter on which he needed the assistance of experts was seriously in issue.

or irrational manner at the time of the offense. Pedrero's failure to present any evidence remains unexplained. Pedrero did not contend, in his habeas petition or on appeal, that his trial attorney was given insufficient time to prepare a defense. Nor has he ever questioned the competence of his trial counsel. From the facts as they appeared to the trial court, this case is far different from *Bush v. McCollum, supra,* where the state had the burden at trial of proving Bush's sanity beyond a reasonable doubt because Bush had once been adjudicated insane and remained under that judgment. The instant case is also a far cry from *Hintz v. Beto, supra.* In *Hintz* the defendant had a history of alcoholism and bizarre behavior, and the very circumstances surrounding the offense (Hintz killed his wife with a water bottle or pitcher and "hid" her corpse under his bed) tended strongly to bespeak his derangement. We cannot say that Pedrero's sanity at the time of the offense was seriously in issue.

The district court's judgment is AFFIRMED.