384 So.2d 730 (1980)
Leroy WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 78-365.
District Court of Appeal of Florida, Fourth District.
June 11, 1980.
*731 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Ondina Felipe and Kenneth G. Spillias, Asst. Attys. Gen., West Palm Beach, for appellee.
MOORE, Judge.
The defendant appeals a conviction of battery upon a law enforcement officer. He contends, in part, that the trial court erred in denying his motion for appointment of psychiatrists to determine his competency to stand trial, which was filed pursuant to Florida Rule of Criminal Procedure 3.210. We affirm.
Approximately two weeks prior to trial, defense counsel filed a "motion for appointment of psychiatrists," which provided in pertinent part:
That Defendant's present demeanor and conduct casts grave doubt upon Defendant's mental condition which, together with a past conduct history, and which, together with the nature and quality of the act with which Defendant stands charged, would lead counsel to believe that Defendant is incompetent to plead, incompetent to stand trial and incompetent to aid and assist counsel in the preparation and presentation of his defense.
At the hearing on this motion, defense counsel did not present any testimony or evidence in support of the allegations made in the motion. Rather, counsel represented to the court that he had difficulty communicating with appellant, that appellant looked "vague and somewhat spacey" and that appellant seemed "strange and disorganized." The court did not feel this was sufficient basis for appointing a psychiatrist to examine appellant and, therefore, denied the motion.
Florida Rule of Criminal Procedure 3.210(a) provides, in pertinent part:
(a) Mental Competence to Stand Trial or to Be Sentenced.
(1) A person accused of a crime who is incompetent to stand trial shall not be proceeded against while he is incompetent. A person is incompetent to stand trial within the meaning of this Rule if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or if he has no rational as well as factual understanding of the proceedings against him.
(2) If before or during trial the Court, of its own motion, or upon motion of counsel for the defendant or for the State, has reasonable ground to believe that the defendant is not mentally competent to stand trial or if at the time of sentencing, the Court, of its own motion or upon motion of counsel for the defendant, has reasonable ground to believe that the defendant is mentally incompetent to be sentenced, the Court shall immediately fix a time for a hearing to determine the defendant's mental condition.

.....
(4) For the purpose of any hearing held pursuant to subdivision (a), (b), or (c), the Court may appoint not more than three disinterested experts to examine the defendant and testify as to his or her mental condition at such hearing. If the Court does so, the Clerk shall notify the prosecuting attorney and counsel for the defendant of such appointment and shall give the names and addresses of the experts so appointed. Other evidence concerning the defendant's mental condition may be introduced at the hearing by either party. (Emphasis supplied)
Thus, under this rule, if upon motion by the defense counsel the court has reasonable grounds to believe that the defendant is not mentally competent to stand trial, the court must immediately fix a time for a hearing to determine the defendant's mental condition. Concomitant with this, the court may appoint experts to examine the *732 defendant.[1] Hence, the issue in this case is whether the court had reasonable grounds to believe that appellant was not mentally competent to stand trial, for if the court did not have such reasonable grounds, it had no duty to hold a competency hearing nor to appoint experts.
Of course, the trial court may consider representations of counsel in deciding whether to order a psychiatric examination. Jones v. State, 362 So.2d 1334 (Fla. 1978). But a vague and unsubstantial assertion of a need for a psychiatric evaluation by defense counsel is not sufficient to show error upon the court's refusal of such an examination. Coney v. State, 348 So.2d 672 (Fla. 3d DCA 1977). The appellate decisions which have overruled the trial court's denial of a motion for psychiatric examination have uniformly involved records where defense counsel presented something more than a bare or vague assertion of incompetency. See, e.g., Pedrero v. State, 262 So.2d 737 (Fla. 2d DCA 1972), on remand 271 So.2d 201 (Fla. 2d DCA 1973); Mitchell v. State, 289 So.2d 418 (Fla. 2d DCA 1974), on remand 311 So.2d 181 (Fla. 2d DCA 1975); Meeks v. State, 289 So.2d 479 (Fla. 3d DCA 1974); Boggs v. State, 375 So.2d 604 (Fla. 2d DCA 1979).
Support for this position can also be found in Federal decisions dealing with the constitutional right not to be tried while incompetent and with the Federal rule dealing with mental competency to stand trial, 18 U.S.C.A., Section 4244. For example, in Jordan v. Wainwright, 457 F.2d 338 (5th Cir.1972), the petitioner, a Florida prisoner serving a 20 year sentence for robbery, raised as grounds for habeas corpus relief the failure of the trial court to hold a competency hearing where defense counsel had raised the issue by pre-trial motion. The Fifth Circuit affirmed the district court's denial of habeas corpus relief, stating:
We note that the motion asserted only that counsel had difficulty communicating with his client. No showing was made of prior hospitalization for or diagnosis of mental difficulties or of prior adjudication of incompetency. No evidence of any kind was proffered to support the motion. The trial judge denied it stating that he had observed the petitioner closely throughout previous court appearances and actual trials, and knew him to be a keen witted person, competent to stand trial.
.....
The teaching of Pate v. Robinson, 1966, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, is that the due process clause of the Fourteenth Amendment to the U.S. Constitution requires that state criminal trials not proceed against incompetents.
But no sanity hearing is mandated by Pate v. Robinson by a naked suggestion that the defendant may be incompetent. Evidence must be presented which is sufficient to raise a "bona fide doubt" as to the defendant's competency to stand trial,
The constitutional standard of "bona fide doubt" is at least, on a facial level, indistinguishable from the "reasonable ground to believe" test in Florida Rule of Criminal Procedure 3.210(a). Pedrero v. Wainwright, 590 F.2d 1383 (5th Cir.1979). Consequently, we believe that a defendant requesting a competency hearing pursuant to Rule 3.210(a) must likewise proffer more than a "naked suggestion" of incompetency.
The Federal rule dealing with mental incompetency provides, in part, that if upon motion the court has reasonable cause to believe that the defendant is mentally incompetent, the court must appoint at least one psychiatrist to examine him. 18 U.S. *733 C.A., Section 4244. However, there must be a factual showing of "reasonable cause" to support the motion. United States v. Hall, 523 F.2d 665 (2d Cir.1975); United States v. McEachern, 465 F.2d 833 (5th Cir.1972), cert. denied 409 U.S. 1043, 93 S.Ct. 539, 34 L.Ed.2d 494 (1972).
We recognize that in ruling on a motion to determine a defendant's competency to stand trial, the question before the court is whether there is reasonable ground to believe the defendant may be incompetent, not whether he is incompetent. The latter issue should be determined after a hearing. Nevertheless, in the instant case, we believe defense counsel's vague and unsupported claim of appellant's incompetency was not sufficient to mandate a competency hearing and the appointment of psychiatrists. The record does not reflect that counsel even made an effort to have appellant appear before the court for the court to observe his conduct.
Further, we note that counsel has not pointed to any conduct on appellant's part during trial which would supplement the information (or lack thereof) contained in the pre-trial motion. In fact, in reviewing the record, it is evident from appellant's testimony at a hearing on a motion to suppress immediately prior to trial that he was coherent. Consequently, we find no error in denying the motion.
Appellant's second point on appeal is without merit.
AFFIRMED.
ANSTEAD and BERANEK, JJ., concur.
NOTES
[1] In Chapter 79-336, Laws of Florida (1979), effective October 1, 1979, the Legislature repealed Rule 3.210 and made the appointment of experts mandatory where the court has reasonable ground to believe that the defendant is incompetent to stand trial. See, Sections 918.15 and 925.10, Florida Statutes (1979). On October 9, 1979, the Florida Supreme Court adopted those portions of Chapter 79-336 which are procedural in nature. In re Transition Rule 23 Competency to Stand Trial and Be Sentenced: Insanity as a Defense, 375 So.2d 855 (Fla. 1979).