Willie **VOLSON**, Petitioner-Appellant,

v.

Frank **BLACKBURN**, Warden,
Louisiana State Penitentiary,
Respondent-Appellee.

No. 85–4836.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 11, 1986.

---

Willie Volson, pro se.

Asa Allen Skinner, Leesville, La., for respondent-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

## OPINION

PER CURIAM.

Willie Volson appeals from the district court's denial of Volson's petition for habeas corpus. Volson raises two issues on appeal: (1) that the state trial court erred in refusing to appoint medical experts at state expense to determine Volson's sanity at the time of the offense and (2) that the state trial court erred in refusing to grant a continuance so that Volson could obtain testimony from a private physician to document his claim of insanity. This Court affirms.

## I. FACTS AND PROCEDURAL HISTORY

Willie Volson ("Volson") was indicted for aggravated rape on March 10, 1976. The

initial attorney appointed to represent Volson withdrew from the case on March 29, 1976, and on April 6, 1976, the state trial court appointed attorney Jack Simms to represent Volson. On May 13, 1976, Simms moved to continue the trial, which had been set for May 17. After the prosecutor agreed to the continuance, the state trial court reset the trial date for May 24.

On May 24, Simms notified the state trial court that Volson wished to change his plea from "not guilty" to "not guilty, and not guilty by reason of insanity." Simms also requested that the state trial court appoint a sanity commission [1] to determine Volson's competency to stand trial and Volson's sanity at the time of the offense. The state trial court denied the request and also refused to continue the trial until the following day so that Simms could locate a private physician to examine Volson. Jury selection began that day, and the trial began on May 26. At trial, Volson did not raise the issue of insanity, nor was the jury instructed on the insanity defense. A jury found Volson guilty of aggravated rape and sentenced him to death.

On appeal to the Louisiana Supreme Court, Volson argued that the state trial court had erred in not appointing a sanity commission. *Louisiana v. Volson*, 352 So.2d 1293, 1294 (La.1977). The Louisiana Supreme Court addressed only the issue whether Volson had made a sufficient showing of incompetence to stand trial to require the appointment of a sanity commission. It ruled that because Volson's motion for a sanity commission was unsupported, the state trial court did not abuse its discretion in overruling it. The Louisiana Supreme Court affirmed Volson's con-

viction but vacated the death sentence. Volson was resentenced to fifty years in prison.

■ Volson then filed the instant petition for federal habeas corpus relief.[2] The district court dismissed Volson's petition without an evidentiary hearing, granted a certificate of probable cause, and certified that Volson was a pauper. Volson appeals.

## II. DISCUSSION

Volson raised several issues in his federal habeas corpus petition, but Volson briefed only two of those issues in this Court: (1) whether the trial court erred in refusing either to appoint medical experts at state expense to determine his sanity at the time of the offense, and (2) whether the trial court erred in refusing to grant a continuance so that Volson could obtain evidence to document his claim of insanity. By not briefing the other issues, Volson has forfeited his right to raise them in this Court. *See United States v. Ballard*, 779 F.2d 287, 295 (5th Cir.1986); *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir.1983).[3]

Volson contends that in *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), a direct criminal appeal, the Supreme Court ruled that an indigent defendant who raises the insanity defense has an automatic right to a medical expert at state expense. *Ake*, however, held that an obligation to provide a psychiatric expert at state expense arises once "a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a *significant factor* at trial...." 470 U.S. at ——, 105 S.Ct. at 1097 (emphasis added).

---

1. A sanity commission consists of two or three physicians who examine the defendant and who may be called by either side to testify at trial. La.Code Crim.P.Ann. arts. 644, 653.

2. Volson apparently filed two applications for postconviction relief in the Louisiana state courts before filing the instant federal habeas corpus petition. The State has not raised any exhaustion issue. In fact, the State's brief on appeal which is attached as an Appendix, wholly fails to address the constitutional claims raised by Volson. The State bears an obligation to

present its legal position to this Court, citing relevant legal authority, and to explain its basis for continued incarceration of the petitioner in light of petitioner's constitutional challenge to his conviction. In the present case, the State's brief is wholly inadequate. As such, the State has failed in its obligation to its citizens and to this Court.

3. In particular, Volson specifically waives his claim that the state trial court erred in not appointing a sanity commission to determine Volson's competency to stand trial.

*See also Pedrero v. Wainwright,* 590 F.2d 1383, 1391 (5th Cir.), *cert. denied,* 444 U.S. 943, 100 S.Ct. 299, 62 L.Ed.2d 310 (1979) (criminal defendant's sanity at time of offense must be seriously in issue or there must be a reasonable ground to doubt the defendant's sanity before there arises any duty to appoint psychiatric witnesses). Nevertheless, the *Ake* decision fails to establish a bright line test for determining when a defendant has demonstrated that sanity at the time of the offense will be a significant factor at the time of trial.

■ It is not unreasonable to argue, as Volson does, that a defendant's sanity at the time of the offense will always be a significant factor at trial whenever the defendant pleads insanity. This Court does not read *Ake* that broadly, however. Rather, *Ake* requires that the defendant, at a minimum, make allegations supported by a factual showing that the defendant's sanity is in fact at issue in the case. In the instant case, Volson's attorney merely alleged that Volson was unable to understand the difference between right and wrong at the time of the offense. This conclusional allegation is considerably less evidence of insanity than was present in either *Ake* or *Pedrero.*[4] *See also Bowden v. Kemp,* 767 F.2d 761, 765 (11th Cir.1985) (on remand for reconsideration in light of *Ake* ) (*Ake* showing not met by undeveloped assertions that psychiatric assistance would be beneficial).

There is some evidence, however, that Volson might have been hampered in his efforts to support his request for a sanity commission. Volson's attorney apparently offered to have Volson testify during the hearing on the motion for a sanity commission, but the state trial court misunderstood the request and thought that Volson's attorney was offering to have Volson testify at trial in support of his insanity defense.

■ Assuming, *arguendo,* that this misunderstanding may have excused Volson's failure to support his allegation of insanity at the time of the offense, Volson nevertheless has not alleged any actual prejudice as a result of the trial court's failure to appoint a sanity commission or other medical experts to examine him. First, Volson's attorney strenuously attacked the identification testimony and credibility of the complaining witness and presented a witness to refute the complainant's testimony about her activities just before the rape. Second, Volson did not raise the insanity defense at trial. Third, and most importantly, Volson has not alleged in his federal habeas corpus petition or in his brief in this Court that he actually was insane at the time of the offense. Under the circumstances presented in the instant case, therefore, Volson has not carried his burden of alleging, much less demonstrating, prejudice as a result of the state trial court's action. *See Lockett v. Blackburn,* 571 F.2d 309, 314 (5th Cir.), *cert. denied,* 439 U.S. 873, 99 S.Ct. 207, 58 L.Ed.2d 186 (1978).

■ Finally, Volson has failed to demonstrate that the state trial court committed fundamental error, rising to the level of a deprivation of his constitutional right to a fair trial, by refusing to grant a continuance so that Volson could obtain evidence to document his claim of insanity. In the instant case, the state trial court reasonably could have concluded that the request was made solely for delay because Volson's attorney raised the insanity defense and

---

**4.** In *Ake,* for example, Ake's behavior at arraignment was so bizarre that the trial judge, *sua sponte,* had Ake examined to see if he was competent to stand trial. Morever, a state psychiatrist thereafter found Ake incompetent and recommended that Ake be committed. Six weeks later, Ake was found to be competent to stand trial but only on the condition that he be heavily sedated. Finally, the psychiatrists who determined Ake's competency believed Ake's mental illness was serious and that it might have begun years earlier. In contrast, this Court held in *Pedrero,* a case prior to *Ake,* that a showing that the defendant was a drug addict and that he had been in a mental institution several years before the offense was insufficient to show that Pedrero was entitled to a psychiatric expert at the state expense. In the present case, this Court need not decide whether *Pedrero* is still good law in light of *Ake* since Volson's showing falls substantially below the factual basis for the claim in either *Ake* or *Pedrero.*

requested a sanity commission on the day of trial despite the fact that Volson's attorney had been appointed one and one-half months prior to the date of trial and had successfully sought a continuance the week before trial. *See Hutchins v. Garrison,* 724 F.2d 1425, 1433–35 (4th Cir.1983), *cert. denied,* 464 U.S. 1065, 104 S.Ct. 750, 79 L.Ed.2d 207 (1984); *Hicks v. Wainwright,* 633 F.2d 1146, 1149 (5th Cir.1981) (diligence of defense is a factor to be considered in determining whether denial of a continuance rises to the level of a constitutional violation). .

### III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

### APPENDIX

### ASSIGNMENT OF ERROR NO. 1

The Court erred in not appointing a commission to determine the sanity of petitioner.

### ARGUMENT

In the instant case counsel for defendant did not make any attempt to raise the issue of mental capacity to proceed until the date of trial May 24, 1976 several months after the commission of the offense. The Supreme Court of Louisiana correctly ruled this assignment of error lacked merit citing that the appointment of a sanity commission to inquire into the mental condition of the accused is "addressed to the sound discretion of the trial judge". The Court further stated that the ruling of the trial court will not be disturbed on appeal absent a clear showing of abuse of discretion. *State v. Nix,* La. 327 So.2d 301 (1975). In the instant case there was no abuse of discretion because there was no reasonable basis whatsoever for the appointment of a sanity commission.

### ASSIGNMENT OF ERROR NO. 2

The trial court erred in allowing the state to challenge approximately ten (10) prospective jurors because of their objections to capital punishment.

### ARGUMENT

The defendant in this case was not given the death sentence as a sentence of fifty (50) years at hard labor with the Louisiana Department of Corrections was given after appeal. When challenges for cause are properly granted in accordance with law there should be no relief granted. There has been no showing that the jury was improvidently drawn and selected so as to necessitate relief by this defendant. It is therefore submitted that this assignment lacks merit.