[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-12513
Non-Argument Calendar

————————————————

D.C. Docket No. 0:19-cv-60688-WPD

MOISES CASCANTE,

Petitioner-Appellant,

versus

STATE OF FLORIDA,
Secretary,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(August 14, 2020)

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Moises Cascante, a Florida prisoner proceeding *pro se*, appeals from the district court's denial of his 28 U.S.C. § 2254 petition.  Cascante was convicted of three counts of sexual battery by a person 18 years or older against a victim less than 12 years old based on penile (Count I), digital (Count II), and oral penetration of the child (Count III).  We granted a certificate of appealability on one issue: whether there was insufficient evidence of digital penetration of a child to sustain a conviction for Count II.  On appeal, Cascante argues that the state failed to prove the elements of sexual battery by digital penetration beyond a reasonable doubt.  Because Cascante did not exhaust his federal sufficiency-of-the-evidence claim, we affirm.

Before bringing a habeas action under 28 U.S.C. § 2254, a petitioner must exhaust all state court remedies that are available for challenging his conviction.  28 U.S.C. § 2254(b)(1)(A), (c).[1]  "Whether a claim is exhausted is a mixed question of fact and law [we] review[] *de novo*."  *Green v. Nelson*, 595 F.3d 1245, 1254 (11th Cir. 2010).  In order to exhaust state court remedies, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.  *See* 28 U.S.C. § 2254(b), (c);

---

[1] Appellate review is limited to the issues specified in the certificate of appealability.  *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).  We presume, however, that procedural issues that we must resolve before addressing the claim specified in the certificate of appealability are encompassed by it.  *See McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  In Florida, a prisoner need not apply to the Florida Supreme Court to exhaust his state remedies on direct appeal. *See Pedrero v. Wainwright*, 590 F.2d 1383, 1387 n.2 (5th Cir. 1979).  "A petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default."  *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1353 (11th Cir. 2012).

"[O]rdinarily a state prisoner does not 'fairly present' a [federal] claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  "[W]e do not require a verbatim restatement of the claims brought in state court," but the claims that the prisoner presented to the state court must allow "a reasonable reader [to] understand each claim's particular legal basis and specific factual foundation."  *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal quotation marks and citation omitted).  The Supreme Court has stated that a petitioner can indicate the federal-law basis for his claim "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  *Baldwin*, 541 U.S. at 32.  But a habeas petitioner does not

3

exhaust his remedies by merely (1) going through the state courts; (2) presenting to the state courts all the facts necessary to support the federal claim; or (3) presenting to the state courts "a somewhat similar state-law claim." *McNair*, 416 F.3d at 1302 (internal quotation marks and citation omitted).

For example, in *Preston v. Secretary, Florida Department of Corrections*, a Florida prisoner filed a federal habeas petition claiming that his premeditated murder conviction violated his due process rights because the state had failed to present sufficient evidence of premeditation. 785 F.3d 449, 451 (11th Cir. 2015). The district court had determined that Preston asserted only a state law claim, on which he was not entitled to federal habeas relief, because he had not presented his claim as a federal claim on direct appeal in the state courts, in any state post-conviction petition for relief, or even in the habeas petition he filed with the district court. *Id.* at 456 & n.4. Instead, Preston presented the federal version of his sufficiency-of-the-evidence claim for the first time in his reply to the state's response to his federal habeas petition. *Id.* at 456. Although we determined "that Preston's claim, as reformulated on appeal . . . , [wa]s plainly a federal one," we concluded that Preston failed to exhaust his state court remedies. *Id.* at 456–57. In reaching that conclusion, we noted that Preston "did not even hint . . . that he intended to raise a federal claim," as he: (1) did not rely on a single federal case, but relied only on Florida cases discussing premeditation under Florida law;

4

(2) never mentioned the federal Due Process Clause or any other federal constitutional provision; and (3) did not cite to, or mention, the standard from *Jackson v. Virginia*, 443 U.S. 307 (1979), for assessing sufficiency-of-the-evidence claims. *Preston*, 785 F.3d at 458–59.

Here, Cascante similarly did not raise any federal claims or cite to any federal cases in state court when presenting his argument on the sufficiency of the evidence for Count II. He therefore failed to fairly present his federal sufficiency-of-the-evidence claim to the Florida state courts and thus did not exhaust his state court remedies as to that claim. Accordingly, we affirm.

**AFFIRMED.**