348 So.2d 672 (1977)
Jimmy Lee CONEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1413.
District Court of Appeal of Florida, Third District.
August 9, 1977.
*673 Bennett H. Brummer, Public Defender and Paul Morris, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and William M. Grodnick, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
The defendant Jimmy Lee Coney appeals his conviction of involuntary sexual battery with the use of actual physical force likely to cause serious injury (Count I), robbery with the use of a deadly weapon (Count II), burglary while being armed with a deadly weapon and the commission of an assault therein (Count III), and attempted premeditated murder while engaged in the perpetration of involuntary sexual battery, robbery, or burglary (Count IV). The defendant was tried before a jury and adjudicated guilty on all four counts. He was sentenced to 130 years imprisonment.
It is not necessary to recite the sordid details of defendant's acts except to recite that the testimony at trial revealed that the defendant borrowed a car that belonged to another at his job site. The defendant then drove to a residence in Dade County, Florida, and sexually assaulted a child twelve years of age. The defendant then robbed the house of jewelry. He tied a macrame cord around the child's neck, causing her to lose consciousness. Defendant has presented six points for our consideration.
Point one claims error because the trial court denied defendant's pretrial motion for a psychiatric examination of the defendant. At the arraignment on April 13, 1976, a trial date of May 17, 1976, was set. On May 17, 1976, the proposed trial date, the trial judge granted defendant's motion for a continuance. Nothing was mentioned to the court relating to the defendant's alleged defense of insanity. The case was next set for trial on May 24, 1976.
On May 24, 1976, defense counsel presented a motion for psychiatric examination of the defendant. The court stated that it was the trial date and asked why the motion was filed on 4:20 p.m., the Friday afternoon before Monday of trial. Defense counsel made the naked assertion that the defendant had over-assessed his chances of being acquitted and, therefore, the court should grant a sanity hearing pursuant to Fla.R.Crim.P. 3.210.
Fla.R.Crim.P. 3.210(b) provides as follows:
"(b) At Time of Offense. When in any criminal case it shall be the intention of the defendant to rely upon the defense of insanity, no evidence offered by the defendant for the purpose of establishing such insanity shall be admitted in such case unless advance notice of such defense shall have been given by the defendant as hereinafter provided.
If the defendant upon arraignment, or prior thereto, notifies the court that he will rely upon insanity as one of his defenses, then the court will hear the parties and require the defendant to file, within such time as may be fixed by the court, a statement of particulars showing as nearly as he can the nature of insanity he expects to prove and the names and addresses of the witnesses by whom he expects to prove such insanity.
Upon the filing of said statement of particulars by the defendant, upon motion of the prosecution, the court may cause the defendant to be examined, in the presence of attorneys for the State and for the defendant, if they choose to be present, by one or more disinterested qualified experts, not exceeding three, appointed by the court, at such time and place as may be designated in the order of the court, as to the sanity, or insanity, of the defendant at the time of the commission *674 of the alleged offense and subsequent thereto.
Upon good cause shown for the omission of the notices and procedure as to the defense of insanity, as here set forth, the court may in its discretion permit the introduction of evidence of such defense."
The defendant did not comply with the notices and procedure as to the defense of insanity. The defendant, however, states that these requirements are not necessary where good cause has been shown and where the court in its discretion permits. Defense counsel did not present any factual basis for his motion.[1] Insanity at the time of trial is governed by Fla.R.Crim.P. 3.210(a).[2] We hold that the vague and unsubstantial assertion of the need for psychiatric evaluation just before trial was not sufficient to show error upon the court's refusal of the examination. See Acree v. State, 153 Fla. 561, 15 So.2d 262 (1943); and Robinson v. State, 256 So.2d 29 (Fla.3d DCA 1971). Cf. Grissom v. Wainwright, 494 F.2d 30 (5th Cir.1974).
Point two claims reversible error upon the sustaining of the State's objections to two questions propounded by the defense attorney upon cross-examination of the victim.[3] An examination of the record shows that the defendant was not deprived of meaningful examination of the child on the issue of identification. No reversible error appears. See Dabney v. Yapa, 187 So.2d 381 (Fla.3d DCA 1966).
Point three asserts error upon the failure of the trial court to conduct a hearing on the claimed issue of defendant's competency to be sentenced. Fla.R.Crim.P. 3.740(a) provides:
"(a) When the cause alleged for not pronouncing sentence is insanity, if the Court has reasonable ground to believe that the defendant is insane, it shall postpone the pronouncement of sentence and shall immediately fix a time for a hearing to determine the defendant's mental condition. The Court may appoint not exceeding three disinterested qualified experts to examine the defendant and testify at the hearing as to his mental condition. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party."
Nothing appears in the record to indicate that the defendant was insane nor does the record show facts or a proffer of facts which would indicate a question concerning defendant's sanity. See Gray v. State, 310 So.2d 320 *675 (Fla.3d DCA 1975). Cf. Grissom v. Wainwright, 494 F.2d 30 (5th Cir.1974). No error appears.
Point four claims error upon the court's denial of defendant's motion for a mistrial during the presentation of evidence. During the examination of Miss Rivers, who was a friend of the defendant, the State, without objection from the defendant, elicited testimony of the witness that after the day of the commission of the crime, defendant had asked the witness to leave town with him, "When he gets out of jail." Later, after a conference outside the presence of the jury, the prosecutor next asked, "What did you tell the police, Miss Rivers, concerning your discussions with Mr. Coney about leaving town with him?" Defense counsel objected and stated, "He's gone over that, Your Honor. This is repetitive." The objection was overruled and the prosecutor then asked:
"Q. [By Mr. Woodard] What did you tell the police, Miss Rivers, on the 24th of March, 1976, with regard to Jimmie Coney's discussions with you about leaving town with him?
A. He was saying that he wanted to leave town, you know, and he told me, you know, how much time he had in jail. I asked him, you know, why he wants to leave now."
Defense counsel moved for a mistrial. The court denied the motion and the defendant rejected the court's suggestion of a curative instruction.
We hold that reversible error has not been shown. The question and answer added nothing that was not before the jury without objection. Further, the question and answer indicated contemplated flight which was relevant to the issue being tried. See Daniels v. State, 108 So.2d 755 (Fla. 1959).
Point five claims error upon the court's ruling restricting repetitious questions to the prospective jurors upon voir dire examination. The court made an opening statement to the prospective jurors and asked them some preliminary questions. The court exhaustively explained and asked for an audible answer upon the question of whether the prospective jurors understood the presumption of innocence and the requirement of proof beyond a reasonable doubt. Defendant was allowed a full examination of the prospective jurors except that he was precluded from the repetitive questions concerning their understanding of the law upon the presumption of innocence. We find no error upon the trial court's ruling. See Mizell v. New Kingsley Beach, Inc., 122 So.2d 225 (Fla.1st DCA 1960); and Barker v. Randolph, 239 So.2d 110 (Fla.1st DCA 1970).
The defendant was permitted by order of this court to file a supplemental brief raising the question:
"Whether the trial court erred in sentencing the defendant without having first complied with the mandatory provisions of the Child Molester Act, Chapter 801, Florida Statutes."
The point urged is that the trial judge was required, sua sponte, to order a psychiatric evaluation of the defendant because the victim was a child twelve years of age.
There is no doubt on this record but that the defendant was proved guilty of the common law crime of rape. The Supreme Court of Florida has held in Huckaby v. State, 343 So.2d 29 (Fla. 1977):
"Although it has been argued that Huckaby should have been committed for treatment pursuant to the Child Molester Act, Chapter 801, Fla. Stat. (1973), that Act does not apply when the crime charged or proved is rape. Section 801.041, Fla. Stat. (1973)." 343 So.2d 29 at 32, footnote 7.
See also Beatty v. State, 332 So.2d 365 (Fla.2d DCA 1976). Therefore, no error appears on the point presented by the supplemental brief.
Having examined each of defendant's points and having found that no prejudicial error appears, the judgment is affirmed.
Affirmed.
NOTES
[1] Defense counsel stated at argument of the motion:

* * * * * *
"I have discussed this case several times with the Defendant. Informed one time, both by the Defendant and his mother that the case would be dismissed and then also was informed that the complaining witness was not, in fact, raped. Was told by the Defendant that she was not raped which is contrary to the evidence as submitted at the various depositions.
On the evaluations of the Defendant there is a strong case against the Defendant and I have talked to the Defendant. He exhibited an attitude of euphoria with regard to his chances. He seems to have  he is a quiet man. He seems to be consistent in talking; seems to be coherent in talking. But, in evaluation of the situation he seems to be very out in space as far as the evaluation as to what the various situations that occur as to what happened and as to his chances before the Court, as to the fact that the case might be dismissed. Nobody has ever told me that this case would be dismissed and I am sure Mr. Woodard has never made any type of recommendation. But, there has been  I have been told by the Defendant that the case will be dismissed; that the case was weak. Even after he had an evaluation of some of the factual situations which leads me to believe that he may be suffering from a  I am no psychiatrist. I am basing my representations to the Court in regard to my opinion as to this fact."
[2] "Rule 3.210. Insanity

"(a) At Time of Trial.
"(1) If before or during trial the court, of its own motion, or upon motion of counsel for the defendant, has reasonable ground to believe that the defendant is insane, the court shall immediately fix a time for a hearing to determine the defendant's mental condition."
* * * * * *
[3] Susan, have you ever mistaken one friend for another, even momentarily?
* * * * * *
Q. [By Mr. Beller] Susan, have you ever been mistaken by somebody who you thought was somebody you knew?"