362 So.2d 1334 (1978)
Leslie JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 47472.
Supreme Court of Florida.
June 30, 1978.
Rehearing Denied October 24, 1978.
Henry Clay Mitchell, Jr., Pensacola, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from a conviction of murder in the first degree for which the jury recommended and the trial judge imposed a sentence of death. We have jurisdiction pursuant to Article V, Section 3(b)(1), of the Florida Constitution. We reverse the conviction and the sentence.
On December 2, 1974, appellant and one Calvin Dugan entered a liquor store in Pensacola, Florida, with the intent to commit a robbery. Both were armed; Dugan was masked. Two employees were present in the store, Mrs. Hagg and Mr. Petros. Both were forced to lie face down on the floor *1335 while Jones and Dugan emptied the cash registers. Before leaving the store, one or both of the robbers shot Mrs. Hagg and Mr. Petros. Mr. Petros was fatally wounded.
The testimony was conflicting as to who owned the gun and who pulled the trigger. Mrs. Hagg was unable to testify which man fired the fatal shots since she was lying face down on the floor, but she did notice the peculiar shoes worn by one of the robbers and was able to relate his movements during the robbery. Important portions of the state's evidence were presented by the witness Anderson, who was initially charged with the appellant. The charges against him were later dismissed. He testified that at the time of the robbery he was standing outside the liquor store and observed Dugan and Jones enter the store and, after several minutes, make their getaway. It was his testimony that appellant was not carrying a gun when he came out of the building.
Appellant raises numerous points on appeal:
1. The trial court erred in not allowing a physician to examine the appellant prior to trial.
2. The court erred in excluding 105 members of the jury venire ex parte.
3. The court erred in failing to grant appellant's request for a jury instruction on justifiable homicide.
4. The trial judge improperly expressed an opinion as to appellant's guilt.
5. The court erred in denying a motion for change of venue.
6. The court erred in failing to grant a new trial because a juror fainted during the taking of testimony.
7. The court erred in holding that Section 782.04 and Section 921.141, Florida Statutes, are constitutional.
Appellant also alleges several errors in the sentencing portion of the trial.
Appellant was indicted on the 11th day of December, 1974. The case was set for trial on April 8, 1975, but was continued on motion of the defendant. On April 10, 1975, two days after the date scheduled for trial, appellant filed notice of insanity, stating his intention to rely on the defense of insanity at the time of the offense, as provided in Florida Rules of Criminal Procedure, Rule 3.210(b).[1] Rule 3.210(b) provides that a defendant, intending to rely on the defense of insanity, must give notice of his intention at or before arraignment and must file a statement of particulars showing as nearly as he can the nature of insanity he expects to prove and the names and addresses of the witnesses by whom he expects to prove such insanity. The rule also provides that the court may appoint qualified experts, not exceeding three, to examine the defendant as to his sanity at the time of the offense.
*1336 We reject the argument advanced by the state that the court was justified in denying appellant's motion on the grounds that appellant intended to use the examination for purposes other than determining his sanity at the time of the offense. These additional intended uses are borne out by the record, but, the question remains, may a trial court deny a defendant's motion for psychiatric examination if it is convinced that the results of that examination will be used for more than perfecting a defense based on insanity? We think not. While defense counsel must truthfully set forth all information required by Rule 3.210 in order to receive a favorable ruling upon his motion, once the examination is completed, counsel may use the information gained therefrom in preparation for trial, for whatever lawful purposes he deems fit.
Appellant admits that his notice of insanity and motion for examination were not filed in strict compliance with the rule. He points out, however, that in this case no arraignment was ever held. The "late filing" cannot bar his right to examination since the time for filing never ended. The court refused to grant an examination on the sole ground that the motion was not properly filed.
Under the circumstances, we agree with appellant that the trial judge erred in denying his motion for examination. In effect, the court eliminated appellant's sole defense. The last paragraph of Rule 3.210(b) states:
Upon good cause shown for the omission of the notices and procedure as to the defense of insanity, as here set forth, the court may in its discretion permit the introduction of evidence of such defense.
We think appellant was precluded from showing good cause.
In Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), the United States Supreme Court held that a defendant's due process right to a fair trial was violated when the trial court failed to suspend a trial pending the determination of defendant's competence to stand trial, where prior to trial, counsel filed a technically insufficient motion requesting a mental examination. The court states:
The import of our decision in Pate v. Robinson, [383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)] is that evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but that even one of these factors standing alone may, in some circumstances, be sufficient. There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated. That they are difficult to evaluate is suggested by the varying opinions trained psychiatrists can entertain on the same facts.
While the decision in Drope involved an examination to determine a defendant's competency to stand trial, its reasoning is equally applicable here where examination was sought to determine the defendant's sanity at the time of the offense. In deciding whether or not to order an examination, the trial judge must consider all the circumstances, including the representations of counsel, and unless clearly convinced that an examination is unnecessary, order an examination before beginning or proceeding with trial. Having reached this conclusion we find it unnecessary to determine the other issues raised on appeal.
Accordingly, the conviction and sentence are reversed and the case remanded for a new trial.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Rule 3.210(b), Florida Rules of Criminal Procedure, provides as follows:

(b) At Time of Offense. When in any criminal case it shall be the intention of the defendant to rely upon the defense of insanity, no evidence offered by the defendant for the purpose of establishing such insanity shall be admitted in such case unless advance notice of such defense shall have been given by the defendant as hereinafter provided.
If the defendant upon arraignment, or prior thereto, notifies the court that he will rely upon insanity as one of his defenses, then the court will hear the parties and require the defendant to file, within such time as may be fixed by the court, a statement of particulars showing as nearly as he can the nature of insanity he expects to prove and the names and addresses of the witnesses by whom he expects to prove such insanity.
Upon the filing of said statement of particulars by the defendant, upon motion of the prosecution, the court may cause the defendant to be examined, in the presence of attorneys for the State and for the defendant, if they choose to be present, by one or more disinterested qualified experts, not exceeding three, appointed by the court, at such time and place as may be designated in the order of the court, as to the sanity, or insanity, of the defendant at the time of the commission of the alleged offense and subsequent thereto.
Upon good cause shown for the omission of the notices and procedure as to the defense of insanity, as here set forth, the court may in its discretion permit the introduction of evidence of such defense.