DOWNEY, Judge.
Thomas appeals from judgments of guilt entered pursuant to a jury verdict on two counts of burglary of a structure and a sentence of 365 days as a youthful offender.
On October 12, 1981, appellant entered a plea of no contest to two counts of burglary of a structure. The court accepted the plea and ordered a pre-sentence investigation (PSI), but assured appellant that he would be allowed to withdraw his plea if the PSI reflected a prior record, and the court intended to impose something other than probation. Sentencing was set for November 2, 1981. On that date the public defender informed the court that the state attorney, the public defender, and a probation and parole officer received information that appellant had prior mental illness. Due to this information and the fact of a prior arrest, the state attorney withdrew his agreement to the plea bargain. It appeared that Thomas had been evaluated in 1978 and diagnosed as schizophrenic with acute schizophrenic reaction. The trial judge stated that he had read the PSI, which indicated a psychiatrist had stated that in March, 1978, Thomas suffered “from a major psychiatric disorder of psychotic nature.” The evaluation followed a juvenile arrest for armed robbery, aggravated assault, and auto theft on March 17, 1978. The report indicated that Thomas responded well to treatment during a two week stay at Lakeland Manor and was discharged on April 14,1978. The treating psychiatrist strongly recommended that appellant be placed in a foster home upon discharge, *892 receive out-patient psychiatric care, and be administered psychotropic medication.
The public defender representing Thomas had previously filed a motion requesting the court to appoint a defense expert pursuant to Florida Rule of Criminal Procedure 3.216 to assist the public defender in preparing a possible insanity defense. The public defender renewed the motion ore tenus and advised the court of her belief that appellant may have been insane at the time of the commission of the offense and may be incompetent to stand trial, based on the information about his prior mental illness and the doctor’s recommendation that appellant be continued on psychotropic medication, which had not been followed. The trial court summarily denied the motion and set the case for trial the following day. When the public defender protested that she could not be prepared to go to trial next day, the trial judge advised her, “all right, you just be here and do the best you can.”
Appellant contends the trial court erred in refusing to appoint an expert to assist the appellant in the preparation of an insanity defense and in requiring appellant to proceed to trial the following day. We hold both contentions have merit and reverse.
Florida Rule of Criminal Procedure 3.216(a) provides:
(a) When in any criminal case counsel for a defendant adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the defendant may be incompetent to stand trial or that he may have been insane at the time of the offense, he may so inform the court who shall appoint one expert to examine the defendant in order to assist his attorney in the preparation of his defense. Such expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.
Subsequent provisions of the rule provide that a defendant must give notice of intent to rely on the defense of insanity no later than fifteen days after the arraignment or the filing of a written plea of not guilty in the case. However, where good cause is shown why the notice was not given within said time constraints and the circumstances demonstrate a reasonable belief that the defendant may have been insane at the time of the commission of the offense or may be incompetent to stand trial, the motion shall be granted. Jones v. State, 362 So.2d 1334 (Fla.1978).
The record indicates that all parties concerned learned of appellant’s prior record of serious mental problems between the date of the plea bargain and the date of sentencing. The State thought the newly discovered evidence was serious enough to compel a withdrawal of its consent to the bargain. It seems to us that by the same token the public defender would logically reason that further inquiry might reveal that appellant had a legitimate insanity defense. We venture to say that ignoring such warning flags would likely lead to an ineffective counsel assertion during efforts at post conviction relief. Thus, it seems clear on this record that the court should have granted appellant’s 3.216 motion.
We are constrained to hold the court also erred when appellant was required to proceed to trial the following day. It does not suffice to say that appellant had several months to prepare for trial when a plea bargain had been struck and a sentence of probation had been agreed upon contingent upon an acceptable PSI. The purpose of the hearing on November 2nd was sentencing. However, under the circumstances, the State backed out of the bargain, justifiably, and one could hardly expect counsel to thereupon be prepared to go to trial the next morning. To be effective, counsel must have adequate time to “get her ducks in a row” as the saying goes, and less than twenty-four hours’ notice is inadequate under these circumstances.
Accordingly, the judgment and sentence is reversed and the cause is remanded with directions to grant appellant’s Rule 3.216 motion if it is renewed and thereafter grant appellant a new trial.
*893 REVERSED AND REMANDED, with directions.
ANSTEAD and BERANEK, JJ., concur,