453 So.2d 394 (1984)
James A. MORGAN, Appellant
v.
STATE of Florida, Appellee.
No. 61577.
Supreme Court of Florida.
July 12, 1984.
*395 Michael Salnick and Richard W. Springer of Kohl, Springer, Springer, Mighdoll & Salnick, Palm Springs, for appellant.
Jim Smith, Atty. Gen., and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
OVERTON, Justice
The appellant, James A. Morgan, was convicted of first-degree murder. The trial judge imposed the death sentence in accordance with the jury's advisory sentence recommendation. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and we vacate appellant's conviction and sentence and remand for a new trial. We find that the trial court erred in prohibiting appellant from presenting the insanity defense.
Appellant was indicted on September 23, 1977 for the first-degree murder of Gertrude Trbovich. At the time of his indictment, appellant was sixteen years old. This is the second time appellant has been before this court for this crime. Following appellant's first trial, this Court reversed his conviction and sentence of death because the procedure set out in section 918.017(1), Florida Statutes (1977), requiring bifurcation of trials when insanity was asserted, had been declared unconstitutional while Morgan's appeal was pending. Morgan v. State, 392 So.2d 1315 (Fla. 1981). This Court, in remanding appellant's case for a new trial, directed the trial court's attention to Lane v. State, 388 So.2d 1022 (Fla. 1980), regarding the trial court's responsibility, pursuant to decisions of the United States Supreme Court, to conduct a competency hearing, whether requested or not, "if there are reasonable grounds to believe that the defendant is not competent to stand trial." Id. at 1025.
The primary issue in this appeal concerns the trial court's refusal to permit appellant to raise the insanity defense. It should be noted that three judges presided at different times in the proceedings below. The record reflects the following facts. On July 10, 1981, the state moved to compel disclosure of appellant's intent to rely on the insanity defense. In a hearing on the motion conducted on July 17, 1981, it was agreed by the parties and ordered by the court that appellant would provide written notice to the state of his intent to rely on the insanity defense by August 15, 1981. On August 14, 1981, appellant's counsel moved for an extension of time to comply with the order of July 17. The record reflects that the next action on the motion occurred at a hearing before a second judge on September 17, 1981. At this hearing the state contended that the time for notice of appellant's intent to rely on the insanity defense had passed and that appellant should be precluded from raising the defense for failing to comply with the order of July 17. An assistant public defender who was not directly handling appellant's case told the court that the public defender in charge of appellant's defense indicated that the insanity defense would not be relied on. The assistant public defender also stated, however, that the public defender in charge of the case was having doctors examine appellant to determine whether appellant was insane at the time of the crime. The court then ruled in favor of the state, concluding that the insanity defense would not be an allowable defense because of the failure to file a notice of intent to rely on the defense. The court also ruled that any *396 other motions in the case had to be filed by September 23, 1981. At this point, appellant's trial was scheduled for October 12, 1981.
On September 28, 1981, appellant moved to disqualify the judge assigned to preside over his trial, contending that the judge had been quoted in the press as saying that he did not understand this Court's logic in reversing appellant's first conviction and sentence. On September 30, 1981, the trial judge recused himself and a third judge was assigned to appellant's case.
Also on September 28, 1981, appellant's counsel filed a motion for leave to file additional motions. In this motion, counsel noted that numerous motions had been filed prior to the September 23 deadline set by the court and that appellant had additional motions which could not be filed before the deadline. These additional motions included a motion for continuance and a motion to reopen the insanity defense. On October 1, 1981, the court entered an order continuing appellant's trial from October 12 to November 23, 1981.
On November 9, 1981, appellant's counsel filed a notice of intent to rely on the insanity defense. A statement of particulars accompanied the notice. In a hearing before the newly assigned trial judge on that same date, appellant's counsel explained that after the previous judge entered his order precluding the insanity defense on September 17, additional information regarding appellant's sanity at the time of the offense was obtained. On the basis of this evidence, counsel stated, it was determined that the insanity defense would be raised at trial and notice of intent to rely on the defense with a statement of particulars was then given. Appellant's motion to reopen the insanity defense was denied.
On November 23, 1981, when appellant's trial began, appellant's counsel renewed the previous motions regarding the raising of the insanity defense. This motion was denied. A conference was held in the presiding judge's chambers on November 30. At that time, appellant's counsel requested that when the state presented its case that the appellant be allowed to make an oral proffer as to what appellant's witnesses would testify to regarding the insanity defense. The request to make an oral proffer was denied. Appellant's counsel then asked whether he could "at least submit... a written report of the doctors or a written statement as to what the defense of insanity would be in this case." The judge replied, "Well, as far as appeals is concerned, you can do anything you want, but the issue has been decided for this trial."
On December 2, 1981, appellant's counsel filed a written proffer regarding the insanity defense. In the proffer counsel identified a neuro-psychiatrist and a forensic psychiatrist who would have testified that, based upon their examinations of the appellant, he was insane at the time of the offense.
Appellant contends that he was deprived of his sixth amendment right to the compulsory process of witnesses and his right to present a defense when he was precluded by the trial court from asserting the insanity defense. The state argues that the trial court's preclusion of the insanity defense was harmless error because appellant would not have been able to prove beyond a reasonable doubt that he was insane at the time of the crime. We find that the state's argument fails to consider appellant's due process rights and is without merit.
Our decision here is controlled by our decision in Jones v. State, 362 So.2d 1334 (Fla. 1978). In Jones, we addressed the issue of whether the trial court erred in refusing to grant Jones a psychiatric examination, to determine whether he was sane at the time of the crime, because the motion seeking the examination was not properly filed. We held that under the facts of that case Jones was not required to show good cause for the failure to properly file the motion for an examination. Consistent with the United States Supreme Court's mandate in Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), we *397 found that the trial court erred in denying Jones's motion for examination and concluded that "[i]n effect, the court eliminated appellant's [Jones's] sole defense." 362 So.2d at 1336. In Jones, we expressly held that where a request has been made for a psychiatric examination to determine whether a defendant was sane at the time of the crime, the trial court should order an examination unless clearly convinced that it is unnecessary.
We find that there is nothing in this record to justify the trial court's refusal to allow appellant to raise the insanity defense. The record in this case establishes a clear due process violation under both the federal and state constitutions. Further, the trial court did not even afford appellant an opportunity to show good cause for the delay in preparing the defense. Although not controlling in our decision, it is interesting to note that the insanity defense was raised at appellant's first trial. The state was, therefore, on notice that appellant might raise the defense at his second trial. The fact that appellant had formed the basis for his defense is shown by his actions before trial, at trial, and finally by the written proffer showing that he had expert witnesses who would testify that appellant was incompetent at the time of the offense. Further, appellant's trial was continued from October 12, 1981, to November 23, 1981, giving all parties additional time to prepare for trial. It is clear that appellant was denied a reasonable opportunity to present witnesses at his trial. The jury may not have accepted the testimony of these witnesses, but a defendant must be afforded an opportunity to present available defenses and witnesses in support of those defenses.
Because of our conclusion that the trial court erred in precluding appellant from raising the insanity defense and that appellant is entitled to a new trial, it is unnecessary for us to consider the other issues raised by appellant. We do, however, note that the trial court's sentencing order was not in conformance with the standards set by this Court for sentencing orders in death penalty cases. In Mann v. State, 420 So.2d 578, 581 (Fla. 1982), we stated that "[t]he trial judge's findings in regard to the death sentence should be of unmistakable clarity so that we can properly review them and not speculate as to what he found... ." The sentencing order in this case did not meet this standard.
For the reasons expressed, we vacate appellant's conviction and sentence and remand for a new trial.
It is so ordered.
BOYD, C.J., and ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur. ADKINS, J., dissents.