GLICKSTEIN, Judge,
dissenting.
In my opinion the defendant is entitled to a new trial because of the trial court’s failure to grant a continuance in order for the defendant to seek testimony assistance from a toxicologist to discredit the state’s primary witness.
*768 Here the defendant was charged with being an accessory after the fact to robbery. The record reveals that he, his live-in girlfriend and another man, their roommate, while in an automobile outside of a convenience store at 2:15 a.m., discussed the girlfriend’s robbery of the store. The other man, seated in back, reached over and put a handgun in her purse, daring her to commit the robbery. At the defendant’s trial, his girlfriend testified that the defendant told her, “Don’t do it.”
She did it anyway, although apparently under the influence of bootleg quaaludes she had taken in the afternoon. The bizarre scenario inside of the store reflects that influence.
The point of the appeal is that the girlfriend, charged with robbery, made a deal with the prosecutor on the morning she and the defendant were set for trial, causing the defendant to prepare his defense instanter because of her agreement to testify against him. The defendant’s attorney had the presence of mind to request a continuance in order to secure the testimony of a toxicologist to testify as to the effect of the quaaludes. At her change of plea, the girlfriend — who was given probation in exchange for her indispensable testimony— testified to having taken eight bootleg quaaludes in a three hour span on the afternoon before the robbery.
Defense counsel, in moving for the continuance, represented that he was to observe a religious celebration that night, leaving him only the remainder of the day to locate a prospective witness. The defendant was deprived of his fundamental right to prepare for trial by the denial of the motion for continuance. See Thomas v. State, 416 So.2d 890 (Fla. 4th DCA 1982); and Brown v. State, 426 So.2d 76 (Fla. 1st DCA 1983). A toxicologist might well have convinced the jury not only that the girlfriend did not know what she was doing, but that what she was saying could not be sufficiently believed to convict the defendant.