PER CURIAM.
This is an appeal from (a) multiple convictions for burglary, sexual battery, and false imprisonment, (b) an order revoking probation, and (c) sentences imposed thereunder totalling eighty-five years imprisonment. The sole point on appeal is a claimed trial court error in denying the defendant James Sally’s supplemental post-trial, post-sentencing motion for a new trial.
In the said motion the defendant claimed for the first time below that he was mentally incompetent to stand trial stating as grounds that (1) the defendant, without counsel’s knowledge, was taking a psychotropic drug during the trial below, (2) the defendant could not therefore rationally consult with counsel, and (3) the defendant *211 testified at trial, against the advice of counsel, while under the influence of this drug. At the hearing on the above motion for new trial, defense counsel further stated that he had received “a report from somebody” that the defendant had attempted suicide shortly after his sentence. The trial judge denied the motion, noting that he had carefully examined the defendant at trial, prior to the defendant taking the stand, and had concluded that the defendant was articulate, in complete control of his faculties, and had made a voluntary decision to testify on his own behalf.
The defendant urges on appeal that the trial court erred in denying the defendant’s motion for new trial without first conducting an evidentiary hearing concerning the mental competency of the defendant to stand trial. We disagree for three reasons. First, the court was under no obligation to appoint psychiatric experts to examine the defendant and thereafter conduct an evidentiary hearing under Fla. R.Crim.P. 3.210(b), because the issue of the defendant’s mental incompetency was first raised after the defendant was tried and sentenced, and was never raised before or during the trial, as provided in the said rule. Second, the defendant neither presented, nor offered to present, any testimony or evidence below to support his claim of mental incompetency at trial. Third, the allegations of counsel in the motion for new trial and in oral argument to the court were insufficient, in any event, to call for an evidentiary hearing on the defendant’s mental competency to stand trial. The central basis for the motion was that the defendant was under the influence of a psychotropic drug during the trial. Even if true, this could form no basis for a reasonable belief that the defendant was mentally incompetent to stand trial. See § 916.12, Fla.Stat. (1983); Fla.R.Crim.P. 3.214(c). Beyond that, counsel’s vague post-trial conclusions concerning the defendant’s incompetency and his hearsay report about a suicide attempt could form no basis for such a reasonable belief either. See Jordan v. Wainwright, 457 F.2d 338, 339 (5th Cir.1972); Walker v. State, 384 So.2d 730, 732-33 (Fla. 4th DCA 1980); Coney v. State, 348 So.2d 672, 674 (Fla. 3d DCA 1977).
The final judgments of conviction, the order revoking probation, and the sentences imposed thereunder are, in all respects,
Affirmed.