562 So.2d 816 (1990)
Daniel Laverne VAMPER, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2284.
District Court of Appeal of Florida, Third District.
June 5, 1990.
*817 Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before COPE, LEVY and GODERICH, JJ.
PER CURIAM.
Daniel Vamper appeals orders assessing attorney's fees and costs against him, and directing deduction of the attorney's fee award from funds to be returned to Vamper. We affirm in part and reverse in part.
Pursuant to a plea agreement, Vamper pled nolo contendere to a charge of carrying a concealed firearm in violation of section 790.01(2), Florida Statutes (1987). At disposition the trial court withheld adjudication, sentenced the defendant to time served, and assessed costs of $225.[1] The amount of costs was included in the plea colloquy and was also contemporaneously reflected in the order withholding adjudication. The cost statutes here involved are all mandatory, and require the imposition of costs in amounts stated therein.[2]
The defendant orally moved for an order requiring the police department to return funds confiscated from him at the time of his arrest. After proceedings not pertinent here, that sum was determined to be $2,485. Pursuant to section 27.56, Florida Statutes (1987), the trial court assessed an attorney's fee of $1,500 as a reasonable fee for legal services rendered to the defendant by the public defender. The trial court directed that the $1,500 amount would be deducted from the defendant's funds, with the balance to be paid to the defendant. The trial court also reserved jurisdiction to assess costs related to any appellate review sought by defendant.
On this appeal, defendant contends that there was no record basis to support the award of a $1,500 attorney's fee. As the State has confessed error on that point, the judgment awarding attorney's fees must be reversed and remanded for a new hearing.
Defendant also contends that he was entitled to have a separate hearing with respect to the imposition of $225 statutory *818 costs in the order withholding adjudication. See Wood v. State, 544 So.2d 1004 (Fla. 1989). To put the issue in its proper context, we turn first to Jenkins v. State, 444 So.2d 947 (Fla. 1984), which recognized that there are two related, but separate, issues involved with respect to the assessment of costs: (1) determination of the amount of the cost award, and (2) determination of the ability of the defendant to pay the amount awarded. Jenkins holds:
The state must ... provide adequate notice of such assessment to the defendant with full opportunity to object to the assessment of those costs. In addition, any enforcement of the collection of those costs must occur only after a judicial finding that the indigent defendant has the ability to pay in accordance with the principles enunciated in Fuller v. Oregon [, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974)].
Id. at 950.
Subsequent to Jenkins, the supreme court considered the unique situation presented by cost awards arising under section 27.3455, Florida Statutes (1985). That statute contained a provision, since repealed, that "All applicable fees and court costs shall be paid in full prior to the granting of any gain-time accrued." Id. § 27.3455(1). By virtue of the gain-time provision, the statute was immediately self-enforcing. Under that statute, therefore, it was necessary that there be a determination of both Jenkins issues at the time costs were assessed: amount and ability to pay. See Mays v. State, 519 So.2d 618, 619 (Fla. 1988); see also Wood v. State, 544 So.2d at 1005-06. The automatic loss of gain time was repealed by chapter 86-154, Laws of Florida, which deleted the sentence just quoted. There is thus no longer an automatic loss of gain time associated with failure to pay costs.
When read alone, Jenkins appears to hold that indigency is not a defense to the assessment of costs, but is a defense to the enforcement of costs. Since the order withholding adjudication only assesses costs, but does not contain a provision enforcing the cost award, it would follow that indigency was not a defense to the assessment of costs in the order withholding adjudication.
However, we are in doubt with respect to the applicable principles because the more recent opinion in Wood contains the statement that "[i]n Jenkins we held that court costs could not be assessed against a defendant without adequate notice and a judicial determination that the defendant has the ability to pay." 544 So.2d at 1006 (citation omitted). As already indicated, Wood involved a statute that was self-enforcing; thus under the facts of Wood, a hearing on indigency was a prerequisite to the assessment of costs in the first instance. Since Wood indicates that it is following Jenkins, it would appear that subsequent to the effective date of chapter 86-154, Laws of Florida, the question of ability to pay would only come into play at the enforcement, rather than assessment, stage. Wood and Jenkins may be harmonized so long as the statement just quoted from Wood is applied to cost awards made prior to the effective date of chapter 86-154, Laws of Florida. Were that not the correct approach, we believe the supreme court in Wood would have receded from Jenkins to the extent of the inconsistency.
Nonetheless, because Wood is the more recent pronouncement of the supreme court and because the statement just quoted is, when read literally, broad enough to cover the present case, we are obliged to hold that inability to pay is a defense to the assessment of costs, even if imposed after the effective date of chapter 86-154. We certify to the Florida Supreme Court that we have passed on the following question of great public importance:
WHETHER, SUBSEQUENT TO THE EFFECTIVE DATE OF CHAPTER 86-154, LAWS OF FLORIDA, INABILITY TO PAY IS A DEFENSE TO THE ASSESSMENT (BUT NOT ENFORCEMENT) OF COSTS AGAINST A CRIMINAL DEFENDANT?
Assuming for present purposes that inability to pay is a defense, we next turn to the circumstances of the award in the present case. The plea at issue here was *819 entered pursuant to an oral plea agreement with the State. The colloquy included the specific statement by the judge that the cost amount would be $225. We conclude that the order withholding adjudication, which assessed costs, was entered pursuant to consent of the defendant and is not now subject to appeal.
We note, however, that the order withholding adjudication contains no provision for enforcement of the cost award. That being so, at such time as the State takes any steps to enforce payment, the defendant may, as provided in Jenkins, interpose the defense of inability to pay. See 444 So.2d at 950.[3]
We reverse and remand for a new hearing on the amount of attorney's fees to be assessed pursuant to section 27.56, Florida Statutes, affirm the assessment of $225 statutory costs, and certify the above-stated question as one of great public importance.
NOTES
[1] The costs imposed were:

$200, § 27.3455, Fla. Stat. (Supp. 1988); $20, § 960.20, Fla. Stat. (1987); $3, § 943.25[(3)], Fla. Stat. (1987); $2, § 943.25[(13)], Fla. Stat. (1987).
The citations to section 943.25 have been corrected to correspond to the 1987 Florida Statute; the subsections actually cited in the order withholding adjudication are to an earlier version of the Florida Statutes.
[2] See statutes cited in footnote 1.
[3] Although the fund seized by the police is plainly large enough to satisfy the $225 cost award, defendant urges that he should have the opportunity to argue that in the totality of his economic circumstances, he does not have the ability to pay the cost award. We conclude that he should have the opportunity to make that showing if an effort is made to deduct the costs from the amount held by the police, or otherwise take enforcement action. The deduction order entered by the trial court only deducted the $1,500 attorney's fee from the amount held by the police department, and did not enter an order deducting the costs.

Defendant's dispute as to the cost issue may well be entirely academic, because section 27.56 allows the defendant a deduction from the attorney's fee award of any amount assessed pursuant to section 27.3455.