PER CURIAM.
Appellant, Darnell Headings, appeals his conviction for first degree arson. Appellant also appeals the assessment of costs against him. We affirm in part, and reverse in part.
Appellant’s conviction .emanates from a fire he set in his jail cell. Prior to trial, appellant was psychiatrically evaluated and found to have been sane at the time of the offense, and, competent to stand trial. Nevertheless, at trial, appellant sought to introduce a defense of insanity.
Appellee, the State, filed a motion in limine seeking to exclude all evidence relating to insanity. The trial court granted the State’s motion based on appellant’s failure to comply with rule 3.216, Florida Rules of Criminal Procedure, which requires prior notice to the State.
Appellant contends that the trial court erred in granting the motion in limine. Secondarily, appellant contends that the trial court erred in assessing costs against appellant without notice or an opportunity to be heard regarding his insolvency.
The State asserts that the trial court properly excluded all evidence relating to appellant’s alleged insanity because: (1) appellant had failed- to comply with rule 3.216, Florida Rules of Criminal Procedure, requiring notice of intent to rely on an insanity defense; and (2) the evidence was insufficient to support such a defense. The State concedes that the trial court erred in assessing costs without affording appellant an opportunity to be heard.
Rule 3.216, Florida Rules of Criminal Procedure states in relevant part:
(b) when in any criminal case it shall be the intention of the defendant to rely on the defense of insanity ... no evidence offered by the defendant for the purpose of establishing such defense shall be admitted ... unless advance notice in writing ... shall have been given_
Written notice is to be provided no later than fifteen days after the arraignment or the filing of a written plea.
*534 The rule further provides that “[u]pon good cause shown for the omission of the notice,” the court has the discretion to “grant the defendant 10 days to comply with such notice requirement.” See, e.g., Jones v. State, 362 So.2d 1334 (Fla.1978).
We find that no good cause was shown for the omission of the notice. The trial court, therefore, did not abuse its discretion in granting the State’s motion in li-mine. See Fla.R.Crim.P. 3.216; see also Jones v. State, 362 So.2d at 1334; Coney v. State, 348 So.2d 672 (Fla. 3d DCA 1977).
The only suggestion of insanity in this case was appellant’s proffered testimony of a corrections officer who would have testified that after the fire, appellant was hysterical, irrational, and uncommunicative. We agree with the State that the evidence sought to be admitted was insufficient to suggest an insanity defense. See Yohn v. State, 476 So.2d 123 (Fla.1985).
Court costs were assessed against appellant without notice and an opportunity to be heard on his ability to pay. In Vamper v. State, 562 So.2d 816 (Fla. 3d DCA 1990), this court addressed this issue, holding that inability to pay is a defense to the assessment of costs. This court certified the question in Vamper as one of great public importance.
The question certified in Vamper is presently pending before the Florida Supreme Court. Vamper v. State, No. 76,165.
Accordingly, we again certify the question here, as was done in Vamper, as one of great public importance and reverse the assessment of costs. We find no merit in appellant’s other contention and therefore affirm his conviction.
Affirmed in part, reversed in part.