PER CURIAM.
Appellant, Ernest Proctor, appeals his sentence for burglary of a conveyance and petit theft. We affirm in part, and reverse in part.
Appellant contends that the trial court erred in sentencing him as a habitual felony offender because the evidence at the sentencing hearing failed to establish that such sentencing was necessary for the protection of the public. Appellant also contends that the trial court erred in assessing costs against him.
Appellant was convicted of offenses committed after October 1, 1988, the effective date of chapter 88-131, section 6, Laws of Florida. That legislation amended the habitual offender statute by deleting the requirement that the court determine whether habitual offender treatment “is necessary for the protection of the public”. § 775.084(3), Fla.Stat. (Supp.1988); see Taylor v. State, 559 So.2d 385 (Fla. 3d DCA 1990).
We find that the trial court met all the statutory requirements in sentencing appellant as a habitual felony offender. Accordingly, we affirm the sentence imposing a ten year incarceration period. However, we find merit in appellant’s second contention involving the imposition of court costs.
Court costs were assessed against appellant without notice and a determination of his ability to pay. In fact, the costs were assessed after the trial court found appellant indigent. In Vamper v. State, 562 So.2d 816 (Fla. 3d DCA 1990), this court addressed this issue, holding that inability to pay is a defense to the assessment of costs. This court certified the question in Vamper as one of great public importance. Accord, Headings v. State, 568 So.2d 533 (Fla. 3d DCA 1990).
The question certified in Vamper is presently pending before the Florida Supreme Court. Vamper v. State, No. 76,165.
Accordingly, we again certify the question here, as was done in Vamper, as one of great public importance and reverse the assessment of costs.
Affirmed in part, and reversed in part.