ALTENBERND, Judge.
Edward S. Desmond appeals a final summary judgment entered in his action against Accounts Receivable Management, Inc. (ARM), for alleged violations of section 559.72, Florida Statutes (2006), which regulates consumer debt collection practices. We affirm the order granting summary judgment in ARM’s favor with regard to all of Mr. Desmond’s claims but one.
In 2006, HSBC Card Services, Inc., allegedly had a customer with an outstanding credit card balance. Reportedly, that customer’s name was Edward A. Desmond, Jr. Somehow, HSBC confused Edward S. Desmond, who does not have an HSBC account, with Edward A. Desmond, Jr., the cardholder in default. As a result, the company mistakenly made a large number of debt collection telephone calls to Edward S. Desmond. HSBC also referred the account to ARM, which also began making debt collection calls to the wrong Mr. Desmond. ARM claims that it was unaware of the numerous calls made by HSBC.
Over a three-month period, ARM made a minimum of eighteen calls to Mr. Desmond, leaving a recorded message on his answering machine each time. The messages varied in content, but they would always inform Mr. Desmond that the call was in regard to an important matter and that he should return the call. Each message provided a return telephone number.
Each time that Mr. Desmond called the return number, a prerecorded message allegedly informed him that he must provide his credit card number to proceed further. Because this was a case of mistaken identity, Mr. Desmond had no credit card number to provide. Mr. Desmond claims that neither the phone messages nor the electronic phone system into which he dialed gave him information about how he might contact ARM to explain that its representatives were calling the wrong person. Mr. Desmond is a senior citizen with some health issues, and this matter upset him greatly. He finally retained an attorney who managed to convince both HSBC and ARM to stop the calls. The attorney then filed this action against both corporations alleging various violations. HSBC settled *181 the claims against it shortly after ARM received the final summary judgment that Mr. Desmond challenges in this appeal.
The Florida Consumer Collection Practices Act regulates debt collection in Florida. See §§ 559.55-.78. Section 559.72 prohibits specifically enumerated, inappropriate debt collection practices. Subsection 559.72(7) provides that a person collecting a debt shall not
[wjillfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family[.j
The trial court determined that a jury question existed under this statute as it related to the hundreds of telephone calls made by HSBC, but concluded that the conduct of ARM was not actionable. We agree that the conduct of HSBC as described in our limited record appears to be far more egregious than the conduct of ARM. At least in this record, there is nothing that would make ARM responsible for the conduct of HSBC. We also agree that the tenor of ARM’s telephone messages was not harassing and that their frequency did not rise to the magnitude necessary to violate this statute in the absence of additional factors. Compare Story v. J.M. Fields, Inc., 348 So.2d 675, 677 (Fla. 1st DCA 1977) (holding that 100 debt collection calls made over a five-month period was sufficient to present a jury question), with Schauer v. Morse Operations, Inc., 5 So.3d 2, 5 (Fla. 4th DCA 2009) (holding as a matter of law that seven debt collection calls over a six-month period were neither frequent nor so harassing as to violate section 559.72(7)).
We disagree with the trial court on one narrow issue. Under the Act, “unless the context otherwise indicates,” a “debt- or” means not only an actual debtor, but also “any natural person ... allegedly obligated to pay any debt.” § 559.55(2). Because the context of subsection 559.72(7) does not indicate otherwise, an alleged debtor is protected by the Act from the prohibited practices set forth in this subsection. ARM is a large corporation extensively engaged in the business of collecting debts. Any such business would reasonably understand that mistaken identities occur in the collection process. If ARM was knowingly employing methods that did not permit such an alleged debtor to return any of the eighteen telephone calls to explain that the calls were being made in error, we believe that a jury could conclude that ARM “willfully engage[d] in other conduct which can reasonably be expected to abuse or harass” such an alleged debtor. § 559.72(7). At this point, summary judgment is inappropriate on this issue.
Affirmed in part, reversed in part, and remanded.
KELLY and CRENSHAW, JJ„ Concur.